148 P.3d 1098 (2006)
STATE of Washington, Respondent,
v.
Tyler PARKS, Appellant.
No. 56220-7-I.
Court of Appeals of Washington, Division 1.
December 18, 2006.
*1099 Gregory Charles Link, Washington Appellate Project, Attorney at Law, Seattle, WA, for Appellant.
Tyler Joseph Parks, Marysville, WA, pro se.
Mary Kathleen Webber, Snohomish County Prosecutors Office, Everett, WA, for Respondent.
BECKER. J.
¶ 1 Tyler Parks failed to appear as promised at a scheduled hearing in municipal court on the charge of minor in possession of alcohol. The court ordered the issuance of a bench warrant for his arrest. During a search incident to the arrest on the bench warrant, the police found cocaine in his pocket. Parks was convicted of possession of a controlled substance after an unsuccessful motion to suppress. Because the record does not show that a court ever found probable cause to support the underlying offense, the bench warrant for his arrest was invalid and the fruits of the search incident to arrest should have been suppressed. The conviction is reversed.
¶ 2 According to the records of the Marysville Municipal Court, Tyler Parks was cited for minor in possession of alcohol, a gross misdemeanor, on January 5, 2003. Filing of the citation the next day initiated the case. The docket shows that Parks, appearing pro se, was arraigned on the charge at a hearing on January 14, 2003. He pled not guilty and waived his right to a jury trial.
¶ 3 At a scheduled pre-trial hearing, Parks confirmed that the case was set for a March 24 trial date. He failed to appear for trial on March 24. The municipal court ordered a bench warrant for failure to appear and set bail at $1,000. Parks was informed of the warrant by telephone. The next day, he came to the clerk's counter and signed a promise to appear on April 1, 2003, for a show cause hearing on the outstanding warrant. When he appeared on April 1, the case was reset for a pre-trial hearing on May 12 and a bench trial on May 19. The bench warrant was recalled.
¶ 4 Parks failed to appear for the May 12 hearing and the process repeated itself. Over the next year, there were several more occasions when Parks failed to appear despite new bench warrants, new bail settings, new promises to appear, and recalling of the warrants. New dates for a pre-trial hearing and trial were set at least three more times.
¶ 5 Finally, when Parks failed to appear on January 12, 2004, for a scheduled pre-trial hearing, the court ordered a no recall bench warrant for failure to appear and set bail at $5,000. The municipal court docket shows no further activity on the case for almost a year. Then, on November 23, 2004, Parks was arrested on the warrant. The arrest occurred when a police officer responded to a report of a fight in front of a residence. At the scene the officer detained Parks, checked his driver's license, discovered the Marysville bench warrant, and took Parks into custody. A search incident to arrest turned up cocaine in his pocket.
¶ 6 Charged in superior court with felony possession, Parks moved to suppress. He *1100 argued that the police lacked authority to arrest and search him on November 23, 2004. According to Parks, the bench warrant was invalid because there had never been a judicial determination of probable cause on the underlying charge of minor in possession. Counsel for Parks stated that in her experience, some district courts made it a practice to find probable cause on the underlying charge, but Marysville Municipal Court did not. The State responded that the warrant was valid because it was issued under CrRLJ 2.5, a rule that authorizes issuance of a bench warrant for a defendant who fails to appear after promising to do so or otherwise having notice to appear. The rule does not explicitly require a finding of probable cause preliminary to issuance of a bench warrant for failure to appear:
The court may order the issuance of a bench warrant for the arrest of any defendant who has failed to appear before the court, either in person or by a lawyer, in answer to a citation and notice, or an order of the court, upon which the defendant has promised in writing to appear, or of which the defendant has otherwise received notice to appear, if the sentence for the offense charged may include confinement in jail.
CrRLJ 2.5.
¶ 7 The superior court judge observed that "the lower courts are somewhat inconsistent on how they procedurally do this" and recalled her own experience in a lower court "where it was our policy to make a finding of probable cause before the issuance of warrants." While expressing a belief that "the best practice for a lower court is to make a finding of probable cause prior to the issuance of a warrant", the court nevertheless agreed with the State that CrRLJ 2.5 was the controlling rule and its requisites had been satisfied.[1] The court denied the motion to suppress and convicted Parks of cocaine possession on stipulated facts. Parks appeals.
¶ 8 The State does not dispute that if the warrant was invalid, the motion to suppress should have been granted. Therefore, our analysis is limited to a single question: Did the municipal court, at some point, have to make a finding of probable cause on the underlying minor in possession charge in order to issue a valid bench warrant for failure to appear? We answer "yes" to that question.
¶ 9 The United States Constitution commands that "no warrants shall issue, but upon probable cause, supported by oath or affirmation". U.S. Const. amend. IV.
¶ 10 It is undisputed that the municipal court did not make a finding of probable cause on the underlying charge at any time during the two years preceding the issuance of the bench warrant. The prosecutor conceded as much below: "there doesn't seem to be any indication that there was ever a specific probable cause finding made by a judge regarding the underlying charge, but the State's argument is that that's not required."[2]
¶ 11 One basis for the State's argument that a judicial finding of probable cause was not required is State v. Walker, 101 Wash. App. 1, 11, 999 P.2d 1296 (2000). The State relies on our language in Walker to the effect that CrRLJ 2.5 can supply the "authority of law" required by Art. I, § 7 of the state constitution as a prerequisite for the invasion of privacy that occurs when an arrest warrant is served. As in Walker, the State here offers CrRLJ 2.5 as a source of lawful authority for the issuance of the bench warrant. But while the facts of Walker are similar to our case, the issue there did not turn on the probable cause requirement of the Fourth Amendment. The arrest warrant in Walker for failure to appear had been issued by a clerk who rubber-stamped a court commissioner's facsimile signature on the warrant's signature line. The narrow holding was that CrRLJ 2.5 does not authorize a clerk to issue such a warrant without judicial participation; the word "court" means judge or commissioner. Walker does not address the Fourth Amendment issue we face  whether a warrant, even one that nominally satisfies *1101 CrRLJ 2.5, is invalid if there has never been a judicial finding of probable cause on the underlying charge.
¶ 12 Below, the State acknowledged the Constitutional requirement for probable cause before an arrest, and argued the requirement was satisfied because the issuing court obviously had probable cause to believe the defendant had failed to appear. But failure to appear is not a crime. Walker, 101 Wash.App. at 6, 999 P.2d 1296. Probable cause for arrest as it is normally understood is defined in terms of circumstances sufficient to warrant a prudent person in believing that the suspect had committed or was committing a crime. See, e.g., Gerstein v. Pugh, 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1974). "An arrest warrant is issued by a magistrate upon a showing that probable cause exists to believe that the subject of the warrant has committed an offense and thus the warrant primarily serves to protect an individual from an unreasonable seizure." Steagald v. United States, 451 U.S. 204, 213, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981).
¶ 13 On appeal, the State does not contend that probable cause in the context of this case means anything other than cause to believe the subject of the warrant has committed a crime. Having abandoned the argument that it is enough to show probable cause for failing to appear, the State now argues that under CrRLJ 2.2, a probable cause finding as to the underlying charge would have already been made at an earlier point in the history of the case  and therefore, the Municipal Court did need to not make a new finding of probable cause at the time the bench warrant was issued.
¶ 14 We agree with the State that if in fact there had been an earlier probable cause finding as to the minor in possession charge against Parks, it would not be necessary for the court to make a new finding of probable cause to support issuance of a bench warrant for Parks' failure to appear. In fact, according to comments of the task force that drafted the present rules for courts of limited jurisdiction in 1987, the task force explicitly denominated the warrant referred to in CrRLJ 2.5 as a "bench warrant" in order to eliminate the need for an affidavit of probable cause. "Thus, failure to appear after signing a promise to appear would in itself be a sufficient basis for issuance of the warrant." 4B Karl B. Tegland, Washington Practice: Rules Practice, CrRLJ 2.5, task force cmt. at 447 (6th ed.2002).
¶ 15 The problem here is that, as the State conceded in superior court, there simply is nothing in the record documenting an earlier finding of probable cause. Other rules do require a judicial determination of probable cause in situations that may arise at the beginning of a case. For example, the rules require a judicial determination of probable cause before a warrant of arrest can be issued upon an initial complaint, CrRLJ 2.2(a)(2), or upon a failure to appear in response to a summons issued in lieu of an arrest warrant, CrRLJ 2.2(c). Because Parks initially appeared in court voluntarily in response to an officer's citation, he was not in the situations covered by these sections of CrRLJ 2.2, and therefore we cannot infer that there must have been an earlier finding of probable cause. And in any event it is doubtful that without documentation of some kind we would infer that a probable cause finding was made earlier, merely on a showing that the rules required it to be made.
¶ 16 The State also argues that even if there never was a finding of probable cause to believe that Parks was guilty of the charged crime, the undisputed fact that he did not appear when he was supposed to automatically established probable cause to believe he was guilty of two other crimes, namely contempt or bail jumping. The face of the warrant undermines this claim, as it states "Failure to Appear for Hearing" as the reason for the issuance of the warrant. Further, just as the court's docket contains no record of a judicial finding of probable cause for the underlying charge, it also contains no record of a judicial finding of probable cause for contempt or bail jumping. And finally, the State's cursory argument has not demonstrated that Parks' breach of his promise to appear constituted probable cause to believe him guilty of contempt or bail jumping. There is no showing of a lawful court order that he disobeyed, the foundation *1102 for the crime of contempt. RCW 7.21.010(1)(b). Similarly, there is no showing that Parks was "released by court order or admitted to bail", as is required to establish the crime of bail jumping. RCW 9A.76.170(1). Parks could not have been released by court order or properly admitted to bail because there had never a judicial finding of probable cause on the underlying charge. When there has been no finding of probable cause, an accused must be released without conditions. CrRLJ 3.2.
¶ 17 Nothing in the comments of the task force suggest that the task force intended CrRLJ 2.5 to do away altogether with the fundamental necessity of probable cause as a prerequisite for authorizing the arrest of a person whose guilt has not yet been adjudicated. Taken as a whole, the criminal rules for the courts of limited jurisdiction are designed to enforce, not evade, the constitutional requirement that warrants shall not issue except upon probable cause. CrRLJ 2.5 must be interpreted in light of the constitutional command. There should have been a judicial finding of probable cause made on the record before the court attempted to force Parks to appear in court. We hold that making such a finding is not only a "best practice" but also a constitutional obligation of the issuing court.
¶ 18 Under CrRLJ 2.5, it is not necessary that a probable cause finding be made at the time of issuing the bench warrant. But the bench warrant will not be valid unless the record establishes that the court made a finding of probable cause at some earlier point in the history of the case.
¶ 19 Because in this case there was no judicial determination that probable cause existed to believe Parks guilty of the charge of minor in possession of alcohol, the bench warrant for his arrest should have been held invalid and the motion to suppress granted.
¶ 20 Reversed.
WE CONCUR: DWYER and BAKER, JJ.
NOTES
[1] Report of Proceedings, Motion to Suppress (March 18, 2005) at 14-15.
[2] Report of Proceedings at 8.