**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

KENNETH DALE GOOCH,
          *Defendant-Appellant.*

No. 06-30645

D.C. No.
CR-04-00262-WFN

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
William F. Nielsen, District Judge, Presiding

Argued and Submitted
September 28, 2007—Seattle, Washington

Filed November 1, 2007

Before: Betty B. Fletcher and Ronald M. Gould,
Circuit Judges, and Stephen G. Larson,* District Judge.

Opinion by Judge B. Fletcher

---

*The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

14463

**COUNSEL**

Bryan P. Whitaker, Attorney at Law, Spokane, Washington, for the defendant-appellant.

Jared C. Kimball, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

**OPINION**

B. FLETCHER, Circuit Judge:

Defendant-Appellant Kenneth Dale Gooch appeals his conviction and sentence for felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Gooch's appeal focuses primarily on the district court's denial of his motion to suppress. He con-

tends that the initial entry into his residence, an entry that led to the issuance of a search warrant where evidence supporting Gooch's conviction was obtained, exceeded the bounds of the Fourth Amendment because that entry was made to execute a misdemeanor bench warrant for failure to appear in court. Consistent with the decisions of other federal courts to consider the issue, we hold that police possessing a valid bench warrant for the arrest of a person who has failed to appear may enter that person's residence to the extent necessary to execute the warrant. We also reject as meritless Gooch's arguments related to trial and sentencing errors and **AFFIRM**.

## BACKGROUND

On March 20, 2004, Officer Alan Edwards of the Spokane Police Department approached a car stopped in the road. Michael A. Conn, whom Edwards knew from a prior arrest resided at 3010 N. Regal Street in Spokane, was in the passenger seat. While Officer Edwards was running a warrant check, Conn jumped out of the car and fled in the direction of the Regal Street residence. Edwards pursued Conn on foot; he did not see Conn enter the Regal Street residence but heard a commotion at the back door, the home's only useable entrance. While Edwards waited for backup to arrive, he received radio confirmation that there was an outstanding misdemeanor warrant for Conn's arrest. Edwards had no specific information regarding the warrant other than it was related to a misdemeanor charge, and that the warrant bore the Regal Street residence as Conn's address. Based on records the government placed in the record on appeal, it appears the arrest warrant was a bench warrant issued for Conn's failure to appear at a hearing to revoke his probation.

Once backup arrived, Edwards and another officer entered the residence without consent. The officers immediately went to Conn's bedroom, but he was not there. They continued to search the rest of the Regal Street residence, including a bedroom rented by Gooch. During the course of their search for

Conn the officers saw, in both Conn and Gooch's bedrooms, several residue coated spoons and other paraphernalia suggesting heroin use. Conn was not found or arrested during the search; it was later discovered that he had hidden in the attic. Based on his observations during the attempt to arrest Conn, Edwards prepared an affidavit for a search warrant for the Regal Street residence.

The search warrant for the Regal Street residence issued and was executed on March 28, 2004. When officers entered Gooch's bedroom during the execution of the warrant, he was lying asleep on his bed. The officers announced their presence, told Gooch to lie on his stomach, and ordered him to keep his hands visible. Gooch initially complied, but as the officers approached he moved his hands towards pillows at the head of the bed. The officers drew their weapons and ordered Gooch to stop moving. Once Gooch was handcuffed, the officers discovered three loaded firearms underneath the pillows on Gooch's bed.

Gooch moved to suppress on the grounds that the arrest warrant did not permit the March 20 entry into the Regal Street residence, and that without that entry the police would not have had any basis to seek the subsequent search warrant that led to Gooch's arrest. The district court, relying on *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980), concluded that the officers had the limited authority to enter the Regal Street residence in order to effectuate the arrest warrant and denied the motion. Although in the district court Gooch only challenged the manner in which the arrest warrant was executed, on appeal he also argues that the warrant was legally defective because it was simply a bench warrant issued without a proper finding of probable cause.

## ANALYSIS

### I.

A district court's denial of a motion to suppress is reviewed de novo. *United States v. Meek*, 366 F.3d 705, 711 (9th Cir.

2004). The district court's factual findings underlying the decision are reviewed for clear error. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2004). "Where no findings of fact were made or requested, this court will uphold a trial court's denial of a motion to suppress if there was a reasonable view to support it." *United States v. Becker*, 23 F.3d 1537, 1539 (9th Cir. 1994).

## II.

Although there is a presumption of invalidity attaching to warrantless entry of a residence, "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton*, 445 U.S. at 603. *See also Steagald v. United States*, 451 U.S. 204, 214 n.7, 101 S. Ct. 1642, 68 L. Ed. 2d 38 (1981) ("Because an arrest warrant authorizes the police to deprive a person of liberty, it necessarily also authorizes a limited invasion of that person's privacy interest when it is necessary to arrest him in his home.").

[1] The Ninth Circuit has not previously had occasion to decide whether a misdemeanor bench warrant for failure to appear—as opposed to a felony arrest warrant—is sufficient to permit entry into a residence under *Payton*. The Second Circuit, however, in *United States v. Spencer* persuasively reasoned that the Court's decision in *Payton* permits entry into a residence to effectuate a valid arrest warrant, regardless of the precise nature of the underlying warrant. 684 F.2d 220, 223 (2d Cir. 1982), *cert. denied*, 459 U.S. 1109 (1983). Rejecting an argument identical to the one that Gooch makes here—that a misdemeanor bench warrant not premised on a formal finding of probable cause does not lie within *Payton*'s reach—the Second Circuit explained:

> The decision of the New York City Criminal Court Judge to issue a bench warrant constituted a finding

made by a neutral magistrate that [the defendant] had failed to appear in a pending criminal matter. We recognize that its issuance did not amount to a judicial finding of probable cause to ⸶arrest in the traditional sense . . . . Nonetheless, the police, armed with the warrant, had authority to find and seize [the defendant] anywhere they could find him for his failure to appear in court. Thus, the presence of the police in the defendant's room was pursuant to a direction made by a neutral magistrate. Defendant's rights under the Fourth Amendment require no more.

684 F.2d at 223 (citing *Payton*, 445 U.S. at 582 n.17, 586 n.24); *see also id.* at 223-24 ("[T]he courts, in striving to safeguard a suspect's Fourth Amendment rights when he is arrested at home, emphasized the necessity that a warrant be issued by a neutral magistrate. . . . In determining reasonableness, the nature of the underlying offense is of no moment.").[1]

[2] We find the reasoning of *Spencer* persuasive, and affirm the district court's denial of Gooch's motion to suppress. We hold that a valid arrest warrant issued by a neutral magistrate judge, including a properly issued bench warrant for failure to appear, carries with it the limited authority to enter a residence in order to effectuate the arrest as provided for under *Payton*.[2] The Fourth Amendment presumption against war-

---

[1]The holding in *Spencer*, permitting entry into a residence based on a misdemeanor arrest warrant or a bench warrant for failure to appear, has been followed in similar cases with near uniformity by the federal courts. *See Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 689 (6th Cir. 2006); *United States v. Clayton*, 210 F.3d 841, 843-44 (8th Cir. 2000); *Cogswell v. County of Suffolk Deputy Sheriff's Dept.*, 375 F. Supp. 2d 182, 187-88 (E.D.N.Y. 2005); *United States v. Ray*, 199 F. Supp. 2d 1104, 1112-13 (D. Kan. 2002); *Smith v. Tolley*, 960 F. Supp. 977, 991-92 (E.D. Va. 1997); *Heine v. Connelly*, 644 F. Supp. 1508, 1514-15 (D. Del. 1986).

[2]In order to enter a residence to execute an arrest warrant the police must still have probable cause to believe the suspect is within the residence. *United States v. Gorman*, 314 F.3d 1105, 1110-11 (9th Cir. 2002).

rantless entries into the home is designed to protect privacy interests against uncabined police discretion. *Payton*, 445 U.S. at 586 ("[W]e have long adhered to the view that the warrant procedure minimizes the danger of needless intrusions [into the home]."). Those interests are sufficiently safeguarded when an entry is premised on the execution of a valid arrest warrant issued by a judge or magistrate, regardless of whether that warrant is for a felony, a misdemeanor, or simply a bench warrant for failure to appear. Here, the police held a valid warrant for Conn's arrest, a warrant that bore the confirmed address of the residence police entered after following Conn. The entry and subsequent search for Conn were reasonable and permissible under *Payton* and the Fourth Amendment.

[3] In so holding, we note that our decision in *United States v. Albrektsen*, 151 F.3d 951 (9th Cir. 1998) is not to the contrary.[3] In *Albrektsen*, we held that police were not permitted to pass beyond the doorway and enter a suspect's hotel room in order to execute a misdemeanor arrest warrant. 151 F.3d at 954. The outcome in *Albrektsen*, however, was based on the fact that entry into the arrestee's room was unnecessary because the police had already apprehended him in the doorway, and so our decision there did not turn on the nature of the underlying warrant. *Id.* Here, the officers were not able to arrest Conn at the threshold of his residence, or even in his bedroom, because Conn fled into the residence and successfully hid in

---

[3]Gooch's reliance on the Washington Court of Appeals decision in *State v. Parks*, is also misplaced. 148 P. 3d. 1098 (Wash. Ct. App. 2006). *Parks* does not address whether particular forms of warrants provide sufficient authority for entry into a residence under *Payton*. Rather, *Parks* held that a warrant issued for the defendant's arrest pursuant to Washington criminal rule CrRLJ 2.5 based on his failure to appear at trial, was insufficient where there had never been a prior finding of probable cause to arrest the defendant at any time in the proceedings. *Id.* at 1102. *Parks* is inapplicable here, where the bench warrant for Conn's arrest was made for failure to comply with the terms of probation after a finding of guilty for the underlying offense.

the attic. Hence, *Albrektsen* does not place restrictions on entry based on the character of the warrant at issue, and its limitations on the scope of entry are likewise not implicated in this case. *Id.* at 954 n.5 ("[T]his area of the law is very fact specific. If, for example, Albrektsen had retreated from the threshold, [the police] could have followed him in."). The district court's decision to deny Gooch's motion to suppress was not in error and we therefore affirm.

## III.

**[4]** Gooch's remaining arguments related to claimed errors at trial are without merit and are easily resolved. Gooch complains that he was entitled to a "mere presence" jury instruction. No "mere presence" instruction was necessary here. The jury was properly instructed on all of the elements of the charged offense, and the government's case for possession rested on more than Gooch's presence in the room with the firearms. *United States v. Negrete-Gonzales*, 966 F.2d 1277, 1282 (9th Cir. 1992). Similarly, Gooch's argument that the court improperly responded to a question from the jury seeking clarification of the definition of the term "possession" in the jury instructions is also baseless. The district court issued a carefully limited clarification of the instruction that provided the jury with lay terms synonymous with the words in the existing instruction. This clarifying response to the jury's question "neither directed the verdict, constituted judicial fact-finding, nor exceeded the scope of the question in a prejudicial way." *United States v. Verduzco*, 373 F.3d 1022, 1032 (9th Cir. 2004). The district court's response to the jury's question was not an abuse of discretion. *Id.* at 1030 n.3.

**[5]** Gooch also complains of prosecutorial misconduct in the form of "vouching" for government witnesses and other improper statements during closing. The government suggested in closing that certain government witnesses testified consistently with other government witnesses. These statements, which referred only to evidence in the record that

allowed the jury to independently assess the witnesses' credibility, did not constitute vouching. *United States v. Necoechea*, 986 F.2d 1273, 1279-80 (9th Cir. 1993). Likewise, the prosecution's statement in closing that the jury could consider, "[Gooch's] conduct, his demeanor on the stand, his believability on the stand, and the weight of the evidence brought by the witnesses that have been called," falls well short of prosecutorial misconduct. Gooch took the stand and testified on his own behalf; the prosecution's fairly innocuous statement regarding his demeanor was not improper. *United States v. Schuler*, 813 F.2d 978, 981 n.3 (9th Cir. 1987) ("When a defendant chooses to testify, a jury must necessarily consider the credibility of the defendant. In this circumstance, courtroom demeanor has been allowed as one factor to be taken into consideration.").

**[6]** Finally, the district court did not err in imposing Gooch's sentence. Gooch's two prior state court convictions (for second degree burglary and third degree assault) were correctly assessed for purposes of determining the severity of Gooch's sentence pursuant to the Armed Career Criminals Act, 18 U.S.C. § 924(e) (2006). The district court properly relied on the "modified categorical" approach to determine the effect of those convictions on Gooch's sentence. *United States v. Piccolo*, 441 F.3d 1084, 1088 n.7 (9th Cir. 2006). Finally, Gooch was not entitled to a separate jury trial to determine the applicability of his prior convictions to his sentence in this case. *United States v. Smith*, 390 F.3d 661, 666 (9th Cir. 2004).

## CONCLUSION

The district court properly denied Gooch's motion to suppress. The misdemeanor bench warrant for Conn's arrest gave police the necessary authority to enter the Regal Street residence and execute that warrant. Gooch's conviction and sentence are AFFIRMED.