[No. 59468-1-I.   Division One.   March 31, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY JAY ERICKSON, *Appellant*.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Janice E. Ellis, Prosecuting Attorney*, and *Mary K. Webber, Deputy*, for respondent.

¶1 LEACH, J. — Anthony Erickson seeks reversal of his conviction for misdemeanor possession of a controlled substance. Erickson argues that he was arrested on a bench warrant that was invalid for lack of probable cause, and that he was convicted based on evidence discovered incident to an illegal arrest. We affirm.

¶2 On November 16, 2006, a Lynnwood police officer made contact with Erickson. Erickson willingly volunteered his name when asked. After terminating contact, the officer entered Erickson's name into a warrant database and discovered a bench warrant issued by Lynnwood Municipal Court. The officer reinitiated contact with Erickson and arrested him based on the warrant. At the jail, the booking officer searched Erickson and discovered a baggie of cocaine.

¶3 Erickson was charged with possession of a controlled substance. He moved to suppress evidence based on his contention that the warrant was invalid due to lack of probable cause. After a CrR[1] 3.6 hearing, the trial judge denied Erickson's motion to suppress. Erickson waived his right to a jury and stipulated to a bench trial on agreed documentary evidence. He was convicted as charged and sentenced to 90 days in jail.

¶4 The bench warrant used to arrest Erickson was issued because he failed to appear at a probation review hearing following his conviction for assault in the fourth

[1] Superior Court Criminal Rules.

degree.[2] Erickson had been released on probation following this conviction. While he was under the supervision of the municipal court, Erickson's probation officer filed a report alleging that Erickson had violated that probation by failing to report to the probation department upon release and failing to enroll in drug treatment. Erickson was summoned to appear at a probation review hearing, but the summons was returned because Erickson had moved and not provided the court with his new address, contrary to the terms of his probation. The municipal judge ordered a bench warrant for failure to appear at the review hearing.

¶5 It is undisputed that the municipal court record shows probable cause existed for—and that Erickson was found guilty of—assault in the fourth degree. Nevertheless, Erickson maintains that an additional finding of probable cause that he committed a probation violation was required before the court could issue a bench warrant for his arrest. We disagree.

¶6 The municipal court issued a warrant not because it found that Erickson had violated his probation but because he was *convicted of assault* and subsequently failed to appear for a hearing at which the court could make a determination regarding an alleged probation violation. Failure to appear, in itself, is not a crime.[3] Any punishment imposed for a probation violation relates to the original conviction for which probation was granted.[4] Thus, although the alleged probation violation and subsequent failure to appear set the wheels in motion for Erickson's eventual arrest, the assault conviction was the crime underlying the issuance of the bench warrant.

¶7 A finding of probable cause for a probation violation is not required before issuing a warrant for failure to appear.

[2] *City of Lynnwood v. Erickson*, No. C00038418 (Lynnwood Mun. Ct., Wash., Aug. 17, 2005).

[3] *State v. Parks*, 136 Wn. App. 232, 237, 148 P.3d 1098 (2006) (citing *State v. Walker*, 101 Wn. App. 1, 6, 999 P.2d 1296 (2000)).

[4] *State v. Watson*, 160 Wn.2d 1, 8-9, 154 P.3d 909 (2007).

As a probationer, Erickson had a right to minimum due process before his probation could be revoked, including " '(a) written notice of the claimed violations of [probation or] parole; (b) disclosure . . . of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence.' "[5] But these requirements must be met before Erickson's probation is revoked, not before the court may issue a bench warrant for failure to appear.

¶8 Erickson urges us to adopt a rule requiring a municipal court to find probable cause for a probation violation before a probationer may be compelled to appear in court. Because probationers have a diminished right of privacy under the Fourth Amendment and article I, section 7 of our state constitution,[6] a probationer may be compelled to appear in court for a number of reasons, including a probation review hearing. And if a probationer fails to appear when summoned to such a hearing, a warrant may issue for his arrest. We decline to adopt a rule that would tie the hands of municipal court judges by stripping them of the primary mechanism available for enforcing probation compliance when a probationer fails to report to the probation department and then fails to respond to a subsequent summons, i.e., the ability to issue a bench warrant.

¶9 Erickson argues that, under *State v. Walker*,[7] he was arrested without authority of law. In *Walker*, the defendant was cited for consuming alcohol in a public park and agreed in writing to appear for a hearing.[8] When Walker did not appear, the clerk of the municipal court issued an arrest warrant for failure to appear.[9] The question in *Walker* was

---

[5] *City of Seattle v. Lea*, 56 Wn. App. 859, 860, 786 P.2d 798 (1990) (first alteration in original) (internal quotation marks omitted) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)).

[6] *State v. Lucas*, 56 Wn. App. 236, 239-40, 783 P.2d 121 (1989).

[7] 101 Wn. App. 1, 999 P.2d 1296 (2000).

[8] *Walker*, 101 Wn. App. at 3.

[9] *Walker*, 101 Wn. App. at 3.

whether a bench warrant issued by a court clerk without judicial participation was permitted by the court rules.[10] We held that no statute or court rule authorized a warrant to issue absent judicial participation.[11]

¶10 By contrast, the bench warrant for Erickson's arrest was expressly authorized by the applicable court rules, which allow a municipal court to issue a bench warrant when a defendant fails to appear. CrRLJ[12] 2.2(b)(5) provides for the issuance of a warrant for the arrest of a defendant who "fails to appear in response to a summons . . . if the sentence for the offense charged may include confinement in jail." In addition, CrRLJ 2.5 provides:

> The court may order the issuance of a bench warrant for the arrest of any defendant who has failed to appear before the court, either in person or by a lawyer, in answer to a citation and notice, or an order of the court, upon which the defendant has promised in writing to appear, or of which the defendant has been served with or otherwise received notice to appear, if the sentence for the offense charged may include confinement in jail.

Because Erickson failed to appear in response to a summons and the sentence for assault in the fourth degree may include jail time, the bench warrant was authorized by the court rules.

¶11 Erickson also argues that *State v. Parks*[13] requires a probable cause finding for a probation violation before a municipal court may issue a bench warrant. In *Parks*, we held that a finding of probable cause for the underlying crime is required at some point in the proceeding before issuing an arrest warrant under CrRLJ 2.5.[14] Parks was

---

[10] *Walker*, 101 Wn. App. at 6.

[11] *Walker*, 101 Wn. App. at 10-11.

[12] Criminal Rules for Courts of Limited Jurisdiction.

[13] 136 Wn. App. 232, 148 P.3d 1098 (2006).

[14] *Parks*, 136 Wn. App. at 239.

cited for minor in possession of alcohol in municipal court.[15] He appeared pro se, was arraigned, and pleaded not guilty.[16] He attended a pretrial hearing where he confirmed his trial date, but he subsequently failed to appear for trial.[17] The municipal court issued a bench warrant for failure to appear under CrRLJ 2.5. On appeal, it was undisputed that the municipal court had never made a finding of probable cause on the underlying criminal charge against Parks.[18] We held that the bench warrant violated the Fourth Amendment because the court had not made a finding of probable cause for the underlying minor in possession charge.[19]

¶12 In *United States v. Gooch*,[20] the Ninth Circuit recently rejected an argument to extend *Parks* to require a court to make a new finding of probable cause before issuing a bench warrant for the arrest of a probationer. Officers entered Gooch's residence in order to execute a warrant for the arrest of Gooch's roommate, Michael Conn.[21] While searching for Conn, officers observed paraphernalia suggesting heroin use in both Conn's and Gooch's bedrooms.[22] Based on these observations, they obtained a search warrant for the residence.[23] When officers entered his room during the execution of the warrant, Gooch was sleeping on the bed.[24] The officers told Gooch to lie on his stomach and keep his hands visible, but Gooch reached toward his

---

[15] *Parks*, 136 Wn. App. at 234.

[16] *Parks*, 136 Wn. App. at 234.

[17] *Parks*, 136 Wn. App. at 234.

[18] *Parks*, 136 Wn. App. at 236.

[19] *Parks*, 136 Wn. App. at 236, 239-40.

[20] 506 F.3d 1156 (9th Cir. 2007).

[21] *Gooch*, 506 F.3d at 1158-59.

[22] *Gooch*, 506 F.3d at 1157-58.

[23] *Gooch*, 506 F.3d at 1158.

[24] *Gooch*, 506 F.3d at 1158.

pillows, where three loaded firearms were hidden.[25] Gooch was convicted of being a felon in possession of a firearm.[26] On appeal, Gooch argued that the arrest warrant for Conn was legally defective because it was issued without probable cause, and that without the initial entry based on that warrant the police would not have had a basis to obtain the search warrant that led to his arrest.[27] The Ninth Circuit held that the entry and subsequent search for Conn were reasonable and permissible.[28] The court noted, "*Parks* is inapplicable here, where the bench warrant for Conn's arrest was made for failure to comply with the terms of probation after a finding of guilty for the underlying offense."[29]

¶13 Similarly, *Parks* does not apply to the present case, where the bench warrant was issued for failure to appear at a probation review hearing following Erickson's conviction for the underlying offense, fourth degree assault. *Parks* specifically held that CrRLJ 2.5 does *not* require a probable cause finding at the time a bench warrant is issued but, rather, that "the bench warrant will not be valid unless the record establishes that the court made a finding of probable cause *at some earlier point in the history of the case*."[30] The Fourth Amendment probable cause requirement as enumerated in *Parks* was met in this case when probable cause was found for the underlying assault charge. We decline to extend *Parks* to require a new finding of probable cause each time a municipal court wishes to compel a probationer under its supervision to appear in court. The probable cause necessary for a municipal court to issue a bench warrant for the arrest of a probationer who fails to appear is the probable cause for the original crime of which he or she was

---

[25] *Gooch*, 506 F.3d at 1158.

[26] *Gooch*, 506 F.3d at 1157.

[27] *Gooch*, 506 F.3d at 1158.

[28] *Gooch*, 506 F.3d at 1159.

[29] *Gooch*, 506 F.3d at 1160 n.3.

[30] *Parks*, 136 Wn. App. at 239 (emphasis added).

convicted. Because a finding of probable cause for the underlying offense of assault in the fourth degree was made before the issuance of the bench warrant, the warrant was valid.

¶14 Affirmed.

AGID and DWYER, JJ., concur.

Review granted at 164 Wn.2d 1030 (2008).