[No. 36929-0-II.    Division Two.    March 31, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. MATTHEW WARREN BISHOP, *Appellant*.

*John A. Hays*, for appellant.

*Susan I. Bauer, Prosecuting Attorney*, and *Megan Hallin, Deputy*, for respondent.

¶1  HOUGHTON, J. — Matthew Bishop appeals his conviction for unlawful methamphetamine possession. He argues that the trial court erred when it denied his motion to suppress the methamphetamine evidence as fruit of a warrant the trial court issued without support of an oath or affirmation. He also argues that the documents supporting the information were stale. We affirm.

## FACTS

¶2  On December 15, 2006, Bishop pleaded guilty to third degree theft and the municipal court sentenced him to 10 days on work crew, suspending the remaining 355 days of jail time. The trial court ordered him to report to the Office of Offender Services the same day to arrange for his work crew sentence. The referral, a document memorializing the trial court's order, warned that "[i]n criminal cases, the court may also issue a warrant for your arrest" should you fail to report for work crew. Clerk's Papers (CP) at 21. Bishop signed the letter under the following sentence: "I have received a copy of the Referral, and promise to comply with the above requirements." CP at 21.

¶3  On December 27, Robin Lux, coordinator for Offender Services and the work crew program, wrote to the trial court informing it that Bishop had not shown up from court for his 10-day sentence.[1] Lux's signed letter listed the cause number, date, and Bishop's name. On March 22, 2007, the

---

[1] The record incorrectly refers to Lux as "Lutz." CP at 22.

district court issued an arrest warrant, citing Bishop's failure to comply with a court order.

¶4 In early August 2007, a police officer stopped Bishop on the street and arrested him after checking his name against a list of outstanding warrants. The officer conducted a search incident to arrest and discovered methamphetamine and drug paraphernalia on his person. The State charged him with unlawful methamphetamine possession.

¶5 Defense counsel moved to suppress all evidence seized by the police during the search incident to arrest. The trial court held a suppression hearing, relying on stipulated facts. The stipulation recited the elements of unlawful methamphetamine possession and Bishop's admission that he unlawfully possessed the controlled substance.

¶6 Bishop's principal argument at the hearing centered on the Fourth Amendment's provision that "no warrants shall issue, but upon probable cause, supported by oath or affirmation" and the Washington Constitution's analogous provision in article I, section 7. Defense counsel also argued that the staleness doctrine should invalidate the arrest warrant. The trial court denied the motion to suppress.

¶7 The trial court found Bishop guilty as charged and sentenced him to 30 days in jail. He appeals.

## ANALYSIS

### Arrest Warrant Validity

¶8 Bishop first contends the trial court should have suppressed the warrant leading to his arrest and search because no oath or affirmation supported its issuance. He argues that because Lux did not give her statement under

oath, the explicit language of both the federal and state constitutions require suppression.[2]

¶9 Countering this argument, the State relies on *State v. Erickson*, 143 Wn. App. 660, 179 P.3d 852, *review granted*, 164 Wn.2d 1030 (2008). In *Erickson*, Division One held that the trial court need not make an additional finding of probable cause to issue a bench warrant for failure to appear when probable cause supported the underlying conviction. 143 Wn. App. at 662-63. Erickson was on probation when he failed to appear, and the court relied in part on his diminished privacy rights when it upheld the warrant's validity. *Erickson*, 143 Wn. App. at 663. The State analogizes this case to a probation violation and posits that "failure to report immediately to Offender Services is probably tantamount to escape" as Bishop was not on probation at the time but, rather, under an order to report for sentencing.[3] Resp't's Br. at 4. The State's argument persuades us.

¶10 The *Erickson* court held that "[t]he probable cause necessary for a municipal court to issue a bench warrant for the arrest of a probationer who fails to appear is the probable cause for the original crime of which he or she was convicted."[4] 143 Wn. App. at 666-67. Here, Bishop failed to report for his work crew sentence, and the trial

---

[2] The Fourth Amendment provides in part that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." The Washington Constitution provides in article I, section 7, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

[3] The State did not charge Bishop with escape however. *Cf. State v. Ammons*, 136 Wn.2d 453, 460, 963 P.2d 812 (1998) (convicted felons who knowingly fail to appear to serve their sentences on a work crew can be found guilty of the crime of escape); *State v. Breshon*, 115 Wn. App. 874, 881, 63 P.3d 871 (2003) (defendants committed escape when they did not report to a treatment program because they were in custody pursuant to court order); *State v. Kent*, 62 Wn. App. 458, 461, 814 P.2d 1195 (1991) (defendants had escaped although they never reported to work crew because "[t]o escape, one need not run or flee from custody; . . . one need only be where he or she is not supposed to be or fail to be where he or she is supposed to be").

[4] Additionally, Division One determined in *State v. Parks* that "[u]nder CrRLJ 2.5, it is not necessary that a probable cause finding be made at the time of issuing the bench warrant. But the bench warrant will not be valid unless the record

court ordered his arrest. If a trial court may issue a bench warrant for a probationer's failure to appear based on the probable cause supporting the original conviction, it may also issue a bench warrant for failure to serve a sentence based on the oath or affirmation supporting the original conviction. *See Erickson*, 143 Wn. App. at 663, 666-67. Therefore, the same oath or affirmation that supported Bishop's arrest warrant for his original third degree theft conviction supported the trial court's later warrant that it issued when he did not report for his work crew sentence.[5]

## STALENESS

¶11 Bishop next contends that stale information supported his arrest warrant because Offender Services reported he did not appear for work crew months before the police arrested him. He argues that because it took 12 days for Offender Services to inform the municipal court that he had not shown up for work crew and because the trial court did not issue the warrant until 90 days after receipt of the letter, the information had become stale.

¶12 Under *State v. Maddox*, "[a] delay in executing the warrant may render the magistrate's probable cause determination stale." 152 Wn.2d 499, 505, 98 P.3d 1199 (2004). We apply a commonsense test to determine the staleness of information in a search warrant affidavit by looking to the totality of the circumstances surrounding its issuance. *Maddox*, 152 Wn.2d at 506.

■■ ¶13 The staleness doctrine applies to search warrant cases, as evidenced by the cases Bishop cites.[6] Nonetheless, even applying search warrant doctrine to the arrest

establishes that the court made a finding of probable cause at some earlier point in the history of the case." 136 Wn. App. 232, 239, 148 P.3d 1098 (2006).

[5] *Although we do not agree with Bishop's argument under these particular facts*, we note that the better practice would be to have letters, such as the one Lux wrote, be signed under penalty of perjury.

[6] Each case Bishop cites in support of his staleness claim refers to the staleness of search warrants and not to the staleness of arrest warrants.

warrant here, the information supporting his arrest was not stale. Bishop pleaded guilty and the trial court sentenced him. When Offender Services realized he had not reported to serve his work crew sentence, it informed the trial court on December 27, 2006, and the trial court then issued a warrant March 22, 2007. The information that he failed to appear for his work crew sentence was not stale. *Maddox*, 152 Wn.2d at 506 ("[t]he length of time between issuance and execution of the warrant is only one factor to consider along with other relevant circumstances").

¶14 The trial court had no reason to believe that Bishop had shown up and served his work crew sentence between December 27, 2006, and March 22, 2007, as he argues. In fact, as he acknowledges, Offender Services had terminated him from the program 12 days after he failed to report for his sentence. This fact forecloses his argument because he could not have secretly completed the program after Offender Services terminated him. The arrest warrant was therefore not stale as the totality of the circumstances supported the validity of the information supporting it. *See Maddox*, 152 Wn.2d at 506. His argument fails.

¶15 Affirmed.

PENOYAR, A.C.J., and QUINN-BRINTNALL, J., concur.