**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry Wayne KING, Defendant–Appellant.**

**No. 06–10686.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.[*]

Filed July 24, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Michael Allen Lee, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gregory Parzych, Esq., Mesa, AZ, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Terry Wayne King appeals from his jury-trial conviction and 109–month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

R.App. P. 34(a)(2).

King contends that the district court erred in denying his request for a "mere presence" jury instruction. The district court did not err because "the government's case [was] based on more than just a defendant's presence, and the jury [was] properly instructed on all elements of the crime[.]" *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992). Among other things, the government introduced evidence that King was driving the car and the gun was recovered from the driver's side, and that he was making furtive movements inside the car before he fled on foot from the police. *See United States v. Gooch,* 506 F.3d 1156, 1160 (9th Cir.2007). In addition, King does not dispute that the jury was properly instructed on all the elements of the crime. *See United States v. Howell,* 231 F.3d 615, 629 (9th Cir.2000).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.