[No. 81594-1.   En Banc.]
Argued October 27, 2009.   Decided January 21, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY JAY ERICKSON, *Petitioner*.

42

*Oliver R. Davis* (of *Washington Appellate Project*), for petitioner.

*Mark K. Roe, Interim Prosecuting Attorney*, and *Mary K. Webber, Deputy*, for respondent.

---

¶1 CHAMBERS, J. — Anthony Erickson received probation after he was convicted of fourth degree assault. Upon receiving a report that Erickson had violated the terms of his probation, the Lynnwood Municipal Court issued a summons ordering him to appear at a probation violation hearing. When Erickson failed to appear, the court issued a bench warrant for his arrest. Erickson was subsequently arrested, and a search revealed he possessed cocaine. We are asked whether the arrest warrant was valid under the federal and state constitutions, given that the court never made a formal finding of probable cause on the probation violation allegations. We conclude that the warrant was valid because it was supported by a well-founded suspicion that Erickson had violated the terms of his release. We affirm the Court of Appeals, though on slightly different grounds.

## FACTS AND PROCEDURAL HISTORY

¶2 Erickson was convicted of fourth degree assault for domestic violence in August 2005. According to the Lynnwood Municipal Court docket, Erickson was sentenced to a year of confinement with 335 days suspended. Additionally, Erickson was required to undergo an alcohol assessment, enroll in alcohol treatment, have no contact with the victim, and notify the court of any address changes, and was placed on two years of active supervised probation. He was released on personal recognizance.

¶3 In August 2006, the Lynnwood Municipal Court received notice from the Lynnwood Probation Department that Erickson had violated the terms of his release. The notice alleged that Erickson had failed to report to the probation department and had failed to enroll in treatment. In response, the court scheduled a probation violation hearing and sent a summons to Erickson informing him that he was required to appear and that failure to respond would result in a warrant. Erickson never received the summons, and it was returned to the court on September 7, 2006, indicating that Erickson had moved and had left no forwarding address. Erickson failed to appear at the scheduled probation violation hearing, and the court issued a bench warrant for his arrest.[1] The bench warrant was issued by a judge pro tempore who checked two boxes on the warrant indicating "Failure to Appear at Hearing" and "Failure to Comply with Court Order" as the reasons for issuance. State's Ex. 1.

¶4 On November 16, 2006, Officer Jason Valentine was on patrol when he spotted Erickson walking down Highway 99 in Lynnwood. It was 1:30 a.m., and Erickson was walking fast and was very animated, which Valentine associated with drug use. As he drove by, Valentine saw Erickson waving at him. Valentine turned his vehicle around and made contact with Erickson. The two engaged in a short conversation in which Erickson told Valentine his name, handed over his identification, and volunteered that he had no outstanding warrants. When the conversation ended, Erickson left on foot and Valentine returned to his vehicle and ran Erickson's name through his computer. When Valentine discovered the outstanding bench warrant, he found Erickson and arrested him. A strip search at the jail

---

[1] The municipal court docket indicates that Erickson had previously violated the terms of his probation in November 2005. As with his alleged violations in 2006, Erickson failed to appear at a 2005 hearing, a bench warrant issued, and he was arrested. The court later found Erickson was indeed in violation of the terms of his probation and revoked part of his suspended sentence. The validity of the 2005 bench warrant is not before us.

revealed that Erickson was carrying a bag of cocaine. He was charged with possession of a controlled substance.

¶5 Prior to trial, Erickson moved under CrRLJ 3.6 to suppress all evidence seized following his arrest. He argued, among other things, that the arrest was unlawful and in violation of the Fourth Amendment to the United States Constitution and article I, section 7 of our state constitution because the arrest warrant was not supported by probable cause. The trial court found that the bench warrant was valid because it was supported by a previous finding of probable cause on the underlying fourth degree assault conviction in conformity with *State v. Parks*, 136 Wn. App. 232, 148 P.3d 1098 (2006). The court also concluded that because the issuing judge had personally witnessed Erickson's failure to appear at the scheduled hearing, the warrant was properly issued "without further documentation of probable cause." Clerk's Papers at 30. After a bench trial on stipulated facts, Erickson was found guilty of possession of a controlled substance. The Court of Appeals affirmed. *State v. Erickson*, 143 Wn. App. 660, 179 P.3d 852 (2008).

## ANALYSIS

¶6 Generally, the issuance of a warrant is reviewed for abuse of discretion. *State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). However, Erickson asks us to determine whether a court may issue a bench warrant without a formal finding of probable cause on the underlying allegations after the probationer fails to appear at a probation violation hearing. This poses a question of law, which we review de novo. *State v. George*, 161 Wn.2d 203, 207, 164 P.3d 506 (2007).

¶7 "[E]very person accused of a crime is constitutionally endowed with an overriding presumption of innocence." *State v. Crediford*, 130 Wn.2d 747, 759, 927 P.2d 1129 (1996) (citing *Morissette v. United States*, 342 U.S. 246, 275, 72 S. Ct. 240, 96 L. Ed. 288 (1952)). It has been

established that the Fourth Amendment provides a minimum level of protection against searches and seizures and that article I, section 7 generally provides greater protection. *State v. Walker*, 157 Wn.2d 307, 313, 138 P.3d 113 (2006). Our state constitution states that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." CONST. art. I, § 7. "[A]uthority of law" may be provided by the existence of a valid warrant. *City of Seattle v. McCready*, 123 Wn.2d 260, 272, 868 P.2d 134 (1994). A court rule may also provide the authority of law necessary. *See id.* at 273. Additionally, the Fourth Amendment states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. In general, accused individuals may not be haled into court on arrest warrants not supported by probable cause. *State v. Klinker*, 85 Wn.2d 509, 516, 537 P.2d 268 (1975) (striking down a filiation statute authorizing a warrant for arrest based upon the complaint of an unmarried woman accusing a man of being the father of her child). Any evidence obtained from an illegal search or seizure is subject to the exclusionary rule. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

¶8 Erickson argues that under the Fourth Amendment, the municipal court was required to enter a finding of probable cause on the underlying probation violation allegations before issuing the bench warrant.[2] In order to establish probable cause, Erickson asserts that the probation officer must have first prepared an affidavit or declaration under oath setting forth facts sufficient to believe that Erickson had violated the conditions of his probation. In support of this argument, Erickson first points to *Parks*, where the Court of Appeals held that a bench warrant for

---

[2] At oral argument, Erickson argued for the first time that the court was required to make a formal finding of probable cause even before issuing the initial summons. We need not reach this argument. *See State v. Johnson*, 119 Wn.2d 167, 170, 829 P.2d 1082 (1992) (issues raised for the first time at oral argument are not properly before the court).

failure to appear at a hearing will be valid only if a finding of probable cause on the underlying charge has been made at some earlier point in the case. *Parks*, 136 Wn. App. at 239. Parks had been charged with being a minor in possession and failed to attend a scheduled hearing after signing a promise to appear. *Id.* at 234. The trial court issued a bench warrant, Parks was apprehended, and a search revealed cocaine. *Id.* at 234-35. Parks moved to suppress the evidence, claiming the bench warrant was invalid because a determination of probable cause was never made regarding the underlying minor in possession charge. *Id.* at 235. Although Parks had been previously arraigned on the underlying charge, the parties agreed that no formal finding of probable cause was ever made to support his arrest for the underlying offense.[3] *Id.* After analyzing CrRLJ 2.5,[4] the Court of Appeals held that a finding of probable cause on the minor in possession charge was constitutionally required before the warrant could issue. It concluded that evidence of Parks' cocaine possession should have been suppressed. *Id.* at 239-40.

¶9 Erickson essentially argues that under *Parks*, a judge does not have authority to issue an arrest warrant unless a formal finding of probable cause has previously been made on the underlying reasons for the hearing, in this case the probation violation allegations. But as the Court of Appeals

[3] As we read the opinion, the *Parks* court was particularly concerned with the fact that the Marysville Municipal Court was not making probable cause determinations after defendants were arraigned. The court noted that "[c]ounsel for Parks stated that in her experience, some district courts made it a practice to find probable cause on the underlying charge, but Marysville Municipal Court did not." *Parks*, 136 Wn. App. at 235. Its decision to void Parks' arrest warrant may have been a way to make it clear to the municipal court that a probable cause determination must always be completed. There is no indication that the Lynnwood Municipal Court was engaging in the same type of omissions.

[4] CrRLJ 2.5 states:

The court may order the issuance of a bench warrant for the arrest of any defendant who has failed to appear before the court, either in person or by a lawyer, in answer to a citation and notice, or an order of the court, upon which the defendant has promised in writing to appear, or of which the defendant has been served with or otherwise received notice to appear, if the sentence for the offense charged may include confinement in jail.

noted below, unlike Parks, Erickson had not simply been *accused* of a crime but had previously been *convicted* of fourth degree assault. *Erickson,* 143 Wn. App. at 666-67. The Court of Appeals reasoned that because probable cause had earlier been found on that charge, the bench warrant was valid. *Id.* at 662. It noted, "[P]unishment imposed for a probation violation relates to the original conviction for which probation was granted." *Id.* (citing *State v. Watson,* 160 Wn.2d 1, 8-9, 154 P.3d 909 (2007)). It therefore held that Erickson could be arrested for failing to appear at the scheduled hearing regardless of whether the court had cause to believe he had violated his probation. *Id.* at 667.

¶10 Erickson argues that even if *Parks* can be distinguished, the holding of the Court of Appeals below is at odds with this court's decision in *State v. Fisher,* 145 Wn.2d 209, 35 P.3d 366 (2001). In *Fisher,* the defendant was arrested for possession of drugs, was granted a conditional release, and later pleaded guilty to possession and delivery of a controlled substance. *Id.* at 212. While Fisher remained on conditional release prior to sentencing, the prosecuting attorney filed an application and affidavit alleging Fisher had violated the conditions of her release. *Id.* at 213. The court then issued a bench warrant for her arrest and a search revealed Fisher possessed drugs.

¶11 Similar to this case, Fisher argued that evidence discovered pursuant to her arrest should have been suppressed because the bench warrant was not supported by probable cause. *Id.* at 214. This court held that a finding of probable cause is not required before a court may issue a bench warrant for the arrest of an offender previously found guilty and released pending sentencing. *Id.* at 231. Although concluding that probable cause was not necessary, we observed that the decision to issue an arrest warrant must still be reasonable. *Id.* at 222. We evaluated the State's interest in supervising individuals convicted of crimes and conditionally released against the liberty interests of the released individual. *Id.* at 226-27. We observed:

For an arrest to be "reasonable" [under the Fourth Amendment,] it must serve some governmental interest which is adequate to justify imposition on the liberty of the individual. The reasonableness of an arrest in a given context must be determined on the basis of the particular interest involved. In this case, the State's interest in supervising defendants outweighs the accused's interest, whose liberty is already restrained through arrest and subject to the court's jurisdiction. Therefore, in this context there is no requirement for probable cause to issue an arrest warrant under CrR 3.2(j)(1) or the more applicable rule, CrR 3.2(f).

*Id.* at 232. Instead we held that the convicted individual's diminished expectation of privacy required only that the court have a " 'well-founded suspicion' " based upon "specific and articulable facts" that the conditions of release had been violated before a bench warrant could issue. *Id.* at 228.

¶12 Erickson argues that under *Fisher*, the court here could issue a bench warrant only if it had, at minimum, a " 'well-founded suspicion' " that a violation of the terms of release had occurred. *Id.* at 232. While we agree with Erickson regarding the required standard, we conclude that in this case the issuing court did have a "well founded suspicion" that Erickson had violated the conditions of his release. Had the bench warrant here been issued immediately after the court received notice of the probation violation allegations, we might be more persuaded by Erickson's argument. But one of the conditions of Erickson's release was that he notify the court of any address change. The returned summons stated that Erickson had moved and had left no forwarding address.[5] This alone provided the court with a well-founded suspicion that Erickson had violated the terms of release. The bench warrant was

---

[5] The Court of Appeals held that CrRLJ 2.2(b)(5) provided the authority of law necessary for issuance of the bench warrant. *Erickson*, 143 Wn. App. at 664. We find it unnecessary to reach that issue under the facts of this case and neither approve nor disapprove of the Court of Appeals' conclusion.

therefore valid and provided adequate authority of law to arrest Erickson.[6]

## CONCLUSION

¶13 Once a person has been convicted of a crime, that person is subject to the court's authority. That authority includes the power to supervise an offender conditionally released. Neither the Fourth Amendment nor article I, section 7 of the state constitution requires the court to make a finding of probable cause at every step of the proceeding. We hold that once a person has been convicted of a crime and is on conditional release for that offense, a bench warrant may be issued for his arrest without probable cause that he has violated the terms of his release. Instead, the court needs only a well-founded suspicion that a violation of the terms of the release has occurred before it may issue an arrest warrant. Here, one of the conditions of Erickson's release was that he notify the court of any change of address. He did not do so, and the returned summons provided the issuing judge with a well-founded suspicion that Erickson had violated that condition of his release. We affirm the Court of Appeals and Erickson's conviction for possession of a controlled substance.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, SANDERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

---

[6] Because we conclude that Erickson's failure to inform the court of his change of address provided the well-founded suspicion required to issue the bench warrant, we find it unnecessary to decide whether Erickson's failure to appear at the hearing, by itself, could have justified the warrant.