FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10395 |
| Plaintiff - Appellee, | D.C. No. 1:05-CR-00425-JMS |
| v. | |
| ANTONIO SANTOS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted February 9, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Antonio Santos appeals his conviction for conspiracy to distribute and

possess, with intent to distribute, 50 grams or more of methamphetamine, its salts,

isomers, and salts of its isomers, a Schedule II controlled substance, in violation of

21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Santos argues that the district court erred in finding that the waiver of his *Miranda* rights was knowing and intelligent. We review the district court's finding for clear error. *United States v. Younger*, 398 F.3d 1179, 1185 (9th Cir. 2005). The district court's finding was not clearly erroneous. It relied on testimony from four government agents in finding that Santos understood English and had agreed to answer questions. *See United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1127-28 (9th Cir. 2005). It also took note of the correction Santos made to his statement, showing Santos understood English. Based on these findings, the district court could properly conclude that Santos understood his rights and waived them. *See United States v. Bautista-Avila*, 6 F.3d 1360, 1366 (9th Cir. 1993).

We review all of Santos' remaining arguments for plain error because he failed to object to any of the alleged errors. *United States v. Banks*, 514 F.3d 959, 975-76 (9th Cir. 2008). Santos first argues that the district court should have given limiting instructions on the use of the cooperating witnesses' guilty pleas. We agree. The court should have given a limiting instruction since the jury must be told "in unequivocal language that the plea may not be considered as evidence of a defendant's guilt." *United States v. Halbert*, 640 F.2d 1000, 1006-07 (9th Cir. 1981) (per curiam). However, there was no plain error since the pleas were not prejudicial. The pleas were elicited to blunt the force of subsequent defense

2

impeachment. *See  United States v. Garcia-Guizar*, 160 F.3d 511, 524 (9th Cir. 1998); *United States v. Tamura*, 694 F.2d 591, 602 (9th Cir. 1982). Following the introduction of the guilty pleas, the jury heard extensive testimony from the cooperating witnesses as to their involvement in the conspiracy and Santos' involvement. The government did not place undue emphasis on the pleas and did not suggest that they were evidence of Santos' guilt. *Garcia-Guizar*, 160 F.3d at 524. It is reasonable to assume the jury used the testimony regarding the facts of the conspiracy to convict Santos and only used the guilty pleas to evaluate the witnesses' credibility. *See United States v. Christian*, 786 F.2d 203, 214 (6th Cir. 1986).

Santos argues that the limiting instruction regarding Agent Lawson's testimony was inadequate. There was no error. The limiting instruction specifically provided that the testimony was not for the truth of the matter asserted but for the context of the investigation. When cautionary instructions are given, a jury is presumed to have followed them. *Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000) (en banc).

Santos also argues that in closing, the government vouched for the cooperating witnesses' credibility. The statements complained of do not constitute vouching. The prosecutor did not express his personal opinion as to the witnesses'

3

credibility. The claims that the cooperating witnesses had accepted responsibility, went through a mental process before pleading guilty, and had knowledge of the conspiracy were all reasonable inferences based on their guilty pleas. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993).

Santos further alleges that the prosecutor's comments on his demeanor and motivations in his closing statement were prosecutorial misconduct. There was no misconduct. Prosecutors are allowed to tell jurors that they are to consider the defendant's conduct, demeanor, and believability. *United States v. Gooch*, 506 F.3d 1156, 1160-61 (9th Cir. 2007).

Santos also alleges that the government's argument about immigrants was an improper emotional appeal. Although improper, the emotional appeal did not constitute plain error. *See United States v. Weatherspoon*, 410 F.3d 1142, 1150 (9th Cir. 2005). As discussed *infra*, the evidence is overwhelming, the case was not close, and there is no prejudice. *See Fields v. Woodford*, 309 F.3d 1095, 1109 (9th Cir. 2002).

Santos also argues that the statement that the jury should force Santos to take responsibility for his actions was impermissible. Generally, the prosecution cannot urge the jury to undertake a law enforcement function. *See Leavitt v. Arave*, 383 F.3d 809, 834 (9th Cir. 2004) (per curiam). Santos, however, has plucked this

4

statement out of context. The very next sentence urges the jurors to look at all the evidence and compare it to the elements of the charged criminal activity. The jury was instructed that none of the arguments by the lawyers is evidence. *Leavitt*, 383 F.3d at 834. Additionally, the immigrant analogy and the enforcement argument were both mentioned only once and were not expounded upon at length, dulling any potential prejudice flowing from the statements. *See United States v. Polizzi*, 801 F.2d 1543, 1558 (9th Cir. 1986).

Finally, Santos argues that the lack of a limiting instruction on the guilty plea, the immigrant analogy, and the responsibility plea, cumulatively prejudiced his trial. In evaluating cumulative error, we conduct a harmless error analysis. *United States v. Berry*, 627 F.2d 193, 201 (9th Cir. 1980). Here any error was harmless. The evidence against Santos was overwhelming. Santos confessed to the crime. Numerous law enforcement agents testified as to his confession. The cooperating witnesses corroborated the confession as well as Santos' participation in the conspiracy. The alleged error did not infect the entirety of their testimony. The jury heard ample evidence about the underlying conspiracy, not merely that the witnesses had plead guilty. Any errors in closing argument were isolated instances and were corrected by limiting instructions. The cumulative effect of the alleged errors was not prejudicial.

AFFIRMED.