**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Joseph A. ROBERTS, Defendant—**
**Appellant.**

**No. 07–30236.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed June 12, 2008.

Jared C. Kimball, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald R. Smith, Esq., Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, PAEZ, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Defendant Joseph A. Roberts appeals the denial of his motion to suppress and his eighty-one-month sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We affirm the denial of the motion to suppress; however, upon agreement of the parties, we vacate Roberts's sentence and remand for resentencing.

### 1. Motion to suppress

The district court denied Roberts's motion to suppress because reasonable suspicion supported the stop of Roberts's truck and the stop was not impermissibly prolonged. We review de novo the denial of a motion to suppress.[1] *United States v. Berber–Tinoco,* 510 F.3d 1083, 1087 (9th Cir. 2007).

■ After de novo consideration of the factors identified in *Berber–Tinoco, see id.* at 1087–88 (citing *United States v. Brignoni–Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), and *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002)), we agree with the district court's conclusion that the stop was based on reasonable suspicion under "the totality of the circumstances." *Id.* at 1087. Roberts's truck was observed at 4:10 a.m., on an isolated dirt road in rural Washington with little non-local traffic. The location was a quarter mile from a remote, isolated stretch of the U.S.–Canadian border. The observing agent was familiar with vehicles regularly seen in the area, and did not recognize the truck. The district court found that the truck had a "large ungainly load." The truck bore out-of-state plates, and Agent Roley learned that the truck had legally entered the United States from Canada two days earlier, providing a nexus with Canada. Based on the combination of the generally unusual presence of the truck at that time and place and the truck's particularly suspicious characteristics, the "threshold of rea-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The District Court's underlying factual findings are reviewed for clear error. *See United States v. Gooch,* 506 F.3d 1156, 1158 (9th Cir.2007).

sonable suspicion was crossed." *United States v. Diaz–Juarez*, 299 F.3d 1138, 1142–43 (9th Cir.2002).

■ The stop, initially justified by reasonable suspicion, was not impermissibly prolonged under *United States v. Chavez–Valenzuela*, 268 F.3d 719 (9th Cir.2001), *amended by* 279 F.3d 1062 (9th Cir.2002). To the extent Chavez–Valenzuela is still good law,[2] it only applies to "expanded questioning" which "prolong[s] the stop." *United States v. Mendez*, 476 F.3d 1077, 1081 (9th Cir.2007). The stop of Roberts's truck lasted approximately twelve minutes before his consent to search, and during this time the agents noted black hockey bags in the back of the truck. Unlike in *Chavez–Valenzuela*, where the basis for the stop was a traffic infraction, here the stop was prompted by suspicion of illegal activity. Under these circumstances, simple questions relevant to a drug investigation—i.e., questions about Roberts's starting point, destination, and the contents of the truck—did not prolong matters "longer than [was] necessary to effectuate the purpose of the stop." *Chavez–Valenzuela*, 268 F.3d at 724 (internal quotation marks omitted). Suppression is not required under *Chavez–Valenzuela* or *Mendez*.

In his reply brief, Roberts makes a new argument: the evidence should have been suppressed because the Border Patrol agents did not have authority to arrest him because they were not "performing duties relating to the enforcement of the immigration laws at the time of the arrest."[3] 8 U.S.C. § 1357(a)(5)(B). Under the circumstances of this case, we decline to apply our general rule that an issue must be raised in an appellant's opening brief or be deemed waived. We nevertheless reject Roberts's argument.

We have previously held that evidence will not be suppressed just because the government official responsible for the seizure was not authorized to conduct the search. *United States v. Harrington*, 681 F.2d 612, 615 (9th Cir.1982). "There must be an exceptional reason, typically the protection of a constitutional right, to invoke the exclusionary rule." *Id.* As we explained above, Roberts's constitutional rights were not violated, and we can find no "exceptional reasons" for applying the exclusionary rule in this case.

## 2. Sentencing issues

Roberts challenges his sentence on two grounds: (1) that the district court failed to calculate a correct advisory guidelines range; and (2) that the sentence was substantively unreasonable. We review sentences for abuse of discretion; a sentence based on an incorrect calculation of the

---

**2.** *Cf. United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007) (noting that *Chavez–Valenzuela* was partially overruled by *Muehler v. Mena*, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005)), *cert. denied*, —— U.S. ——, 127 S.Ct. 2277, 167 L.Ed.2d 1112 (2007).

**3.** We ordered supplemental briefing on several issues related to this argument, including whether "the arrest powers of the Border Patrol agents in this case [were] defined solely under 8 U.S.C. § 1357, or [whether] the agents [were] also 'cross-designated' with Title 21 enforcement powers." *See generally United States v. Perkins*, 177 F.Supp.2d 570,

573–77 (W.D.Tex.2001) (discussing cross-designation of "certain" Border Patrol agents with powers to arrest for narcotics violations under Title 21). Following supplemental briefing, the record remains devoid of any evidence that these particular Border Patrol agents were cross-designated to enforce the federal narcotics law when they were not engaged in immigration-related activities. However, even if the agents were acting beyond their statutory authority, the suppression remedy is not available. *See United States v. Harrington*, 681 F.2d 612, 615 (9th Cir.1982).

advisory guidelines sentencing range constitutes a per se abuse of discretion. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (citing *Gall v. United States,* —— U.S. ——, 127 S.Ct. 2933, 168 L.Ed.2d 261 (2007)).

The advisory guidelines range adopted by the district court did not include a two-level reduction under the "safety-valve" provision of U.S.S.G. § 2D1.1(b)(9) (2006). Although Roberts did not object or argue for this reduction in the district court, he now argues that it was plain error not to apply the safety-valve reduction. *See United States v. Rodriguez–Lara,* 421 F.3d 932, 948–49 (9th Cir.2005) (stating plain error standard).

There is no dispute that Roberts qualifies under the first four criteria for safety-valve relief. *See* U.S.S.G. § 5C1.2(a)(1)–(4). The dispositive criterion is the fifth, which requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses." *Id.* § 5C1.2(a)(5). The Government initially argued that this fifth criterion was not satisfied. At oral argument, however, government counsel acknowledged that the record provided enough support for application of a safety-valve reduction under U.S.S.G. § 2D1.1(b)(9) and that, in the interests of fairness and justice, the case ought to be remanded for a hearing on the issue. We appreciate the Government's desire to see that justice is done, and its corresponding willingness to forego insistence on a strict application of waiver. *See United States v. Kortgaard,* 425 F.3d 602, 610 (9th Cir.2005) (government may waive application of plain error doctrine).

Accordingly, we vacate the sentence imposed and remand for the district court to reconsider calculation of the advisory guidelines range and resentence Roberts. With this disposition, Roberts's challenge to the substantive reasonableness of the eighty-one-month sentence is moot.

**Conviction AFFIRMED; sentence VACATED; REMANDED for resentencing.**