**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30037 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00038-SPW-1 |
| v. | |
| TRAVIS PATRICK ZABROSKI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 5, 2015
Portland Oregon

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

Travis Zabroski appeals the denial of his motion to suppress evidence

following his plea of guilty to Possession with Intent to Distribute

Methanphetamine, 21 U.S.C. § 841(b)(1)(c), and Felon in Possession of a Firearm,

18 U.S.C. § 922(g)(1). In his plea agreement, Zabroski reserved his right to appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the denial of his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    We review de novo the denial of a motion to suppress. *United States v. Edwards*, 761 F.3d 977, 981 (9th Cir. 2014); *see also United States v. Arvizu*, 534 U.S. 266, 275 (2002) (whether reasonable suspicion existed is reviewed de novo); *United States v. Thompson*, 282 F.3d 673, 676 (9th Cir. 2002) (whether a seizure exceeds the bounds of a valid investigatory stop and becomes a de facto arrest is reviewed de novo).

2.    In the context of an investigatory stop, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *Arvizu*, 534 U.S. at 273 (internal quotation marks omitted). The stop must be "justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). Examining the "totality of the circumstances," we conclude that the officer who detained Zabroski had a "particularized and objective basis" for suspecting wrongdoing. *Arvizu*, 534 U.S. at 273. Here, Zabroski matched the description of the casino robber, the police officer saw in Zabroski's wallet a large amount of cash that matched the denominations reported stolen, and the officer saw that Zabroski had identification in his wallet after Zabroski told the

2

officer he did not have it. Further, Zabroski told the police officer he had no job, which made the large amount of cash even more suspicious. Finally, this encounter occurred shortly after 2:00 AM, within an hour of the robbery. The officer also conducted a pat down search of Zabroski to check for weapons. Given that the officer was investigating an armed robbery, officer safety warranted the search. Thus, the district court correctly determined that there was reasonable suspicion to detain Zabroski.

**3.** Zabroski also argues that the detention was unlawful because it promptly evolved into a de facto arrest without probable cause. Factually, Zabroski argues that he was handcuffed before he was patted down, which was when he stated he was on probation. We disagree with Zabroski's rendition of the facts. Notably, the district court made no findings of fact about the timing of the handcuffing, and none were requested. "Where no findings of fact were made or requested, [we] will uphold a trial court's denial of a motion to suppress if there was a reasonable view to support it." *United States v. Gooch*, 506 F.3d 1156, 1158 (9th Cir. 2007). In this case, a reasonable view of the evidence at the suppression hearing indicates that Zabroski was handcuffed after the pat down, and after he stated he was on probation. We thus reject Zabroski's version of the facts.

3

**4.** To determine whether a stop becomes a de facto arrest, we look to the totality of the circumstances. *Edwards*, 761 F.3d at 981. We examine the intrusiveness of the stop from the perspective of the person seized and the justification for the intrusion from the perspective of the officer. *Id.* Here, a "reasonable view" of the evidence supports that Zabroski was not under de facto arrest when he admitted he was on probation. *See Gooch*, 506 F.3d at 1158. Because the officer was investigating an armed robbery, and Zabroski matched the description of the robber, the officer acted reasonably in handcuffing Zabroski while he pursued his investigation. *See Edwards*, 761 F.3d at 981.

**5.** At bottom, Zabroski's voluntary disclosure that he was on probation during a lawful investigative stop led to the seizures of the handgun and drugs. Zabroski's disclosure led the police to call his probation officer, who authorized the police to search his car, which led to the seizures at issue here. His arguments relating to the length of his detention after his disclosure and the status of his detention as a de facto arrest after his disclosure are therefore of little help in attacking the denial of his suppression motion. In any event, nothing in the record suggests that Zabroski was detained "for a longer period than was reasonably necessary," *United States v. Bautista*, 684 F.2d 1286, 1291 (9th Cir. 1982), while the officers contacted his

4

probation officer to confirm that there was a probation violation. *See also Alexander v. Cnty. of Los Angeles*, 64 F.3d 1315, 1320-21 (9th Cir. 1995).

**AFFIRMED.**