**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10218 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00142-WHO-1 |
| v. | |
| JONATHON ORTINO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted December 14, 2023**
San Francisco, California

Before: KOH, H.A. THOMAS, and DESAI, Circuit Judges.

Jonathon Ortino, a former Department of Homeland Security ("DHS")

employee with Customs and Border Protection ("CBP"), was sentenced to one year

of probation for three counts of wire fraud in violation of 18 U.S.C. § 1343. He

appeals the denial of his motion to suppress incriminating statements he made to

---

 \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agents with the DHS Office of the Inspector General ("OIG") during a post-arrest interview. We have jurisdiction under 28 U.S.C. § 1291. When reviewing the denial of a motion to suppress, "[w]e review the district court's legal conclusions de novo and its factual determinations for clear error." *United States v. Wells*, 55 F.4th 784, 791 (9th Cir. 2022). "Where the district court does not make a finding on a precise factual issue relevant to the Fourth Amendment analysis, we 'uphold a trial court's denial of a motion to suppress if there was a reasonable view to support it.'" *United States v. Magdirila*, 962 F.3d 1152, 1156 (9th Cir. 2020) (quoting *United States v. Gooch*, 506 F.3d 1156, 1158 (9th Cir. 2007)). We affirm.

Ortino argues that the district court erred in concluding that his statements should not be suppressed pursuant to *Garrity v. New Jersey*, 385 U.S. 493 (1967), because OIG agents did not warn him that he could not face employment penalties for exercising his right to remain silent. In *Wells*, we applied a subjective-objective test to determine when, "in the absence of a direct threat of loss of employment," employment policies amount to "implicit coercion" in violation of *Garrity*. *Wells*, 55 F.4th at 797. There, we held that to be "entitled to suppression of his statements absent a grant of immunity," a public employee "must both be objectively threatened with a substantial adverse employment consequence for refusing to incriminate himself and be subjectively aware of that penalty." *Id.*

Given the totality of the circumstances surrounding Ortino's admissions, we

find there was a reasonable view of the evidence to support the district court's conclusion that Ortino's belief that he would be terminated if he declined to cooperate with the OIG agents was not "objectively reasonable." *Wells*, 55 F.4th at 797.[1] Ortino surrendered his service weapon, was read his *Miranda* rights multiple times, and was explicitly told that his cooperation with the OIG agents was voluntary. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). After he was read his *Miranda* rights, Ortino signed a *Miranda* waiver and continued to answer agents' questions, expressing relief over his admissions, and stating that he was eager to come clean. Moreover, DHS OIG has multiple written policies stating that cooperation with an investigation is not required if an employee is suspected of committing a criminal offense, and Ortino has not identified any instances of CBP acting to the contrary. These circumstances were sufficient to put "a reasonable law enforcement officer on notice that he had the right to refuse to answer questions."

Because we do not find that Ortino's belief was objectively reasonable, we decline to reach the question of whether he had a sufficient subjective belief that he would be terminated if he did not answer the OIG agents' questions.

**AFFIRMED.**

---

[1] Because the district court stated that it was "accepting" Mr. Ortino's version of the facts for purposes of the motion to suppress, it declined to make factual findings where the parties' evidence conflicted.