[No. 14780-1-III. Division Three. March 25, 1997.]
*In the Matter of the Meretricious Relationship of* JANICE SUTTON, *Respondent, and* GARY WIDNER, *Appellant.*

488

*John P. Gilreath* and *Cone, Gilreath, Ellis & Cole*, for appellant.

*Blaine T. Connaughton* and *Thorner, Kennedy & Gano, P.S.*, for respondent.

SWEENEY, C.J. — In *In re Marriage of Lindsey*, 101 Wn.2d 299, 302, 304, 678 P.2d 328 (1984), this state abandoned the presumption that all property acquired by a man and woman not married to each other but living together was *not* community property. We replaced that presumption with a rule "that courts must 'examine the [meretricious] relationship and the property accumulations and make a just and equitable disposition of the property.' " *Id.* at 304 (quoting *Latham v. Hennessey*, 87 Wn.2d 550, 554, 554 P.2d 1057 (1976)). In this case we are asked to decide whether the trial court's conclusion that the relationship between these parties was meretricious is supported by its findings. We conclude that it is. We are also asked in Janice Sutton's cross-appeal to decide whether the trial court abused its discretion in distributing the property accumulated during this meretricious relationship. We conclude that it did not and affirm the trial court's judgment.

## FACTS

Gary Widner and Janice Sutton met in September 1988. Between that date and April 1989, they stayed at each other's homes regularly. In April 1989, Mr. Widner moved

in with Ms. Sutton. Prior to their relationship, Mr. Widner bought property. He and Ms. Sutton planned and built a home on that property. They lived together until August 1994 when the relationship soured.

Between April 1989 and August 1994 both Mr. Widner and Ms. Sutton lived together, socialized as a couple with friends and family, worked together, and had an intimate relationship. Property and banking accounts, however, were kept separate.

## DISCUSSION

■ Existence of Meretricious Relationship. A meretricious relationship is a stable, marital-like relationship where both parties cohabit with knowledge that they are not lawfully married. *Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). Whether a relationship is meretricious depends upon the facts of each case. *Lindsey*, 101 Wn.2d at 305. Mr. Widner contends that his relationship with Ms. Sutton was not a meretricious relationship. He concedes that he and Ms. Sutton lived together long enough. But, he argues the second requirement of a meretricious relationship—one which he describes as "requiring distribution of property"—does not exist. We disagree.

■■ In *Lindsey*, the court refused to adopt a rigid set of requirements for determining whether a relationship was meretricious. 101 Wn.2d at 305. The court opted instead to examine each case on its facts. Mr. Widner's suggestion that we differentiate between meretricious relationships which require distribution and those which do not ignores *Lindsey*. Once the court concludes that a meretricious relationship exists, the court must then make a just and equitable distribution of property. *See generally Connell*, 127 Wn.2d at 349. Here, the court's conclusion that a meretricious relationship existed is amply supported by the findings of fact which are in turn amply supported by the evidence in this case. *In re Marriage of Hilt*, 41 Wn. App. 434, 438, 704 P.2d 672 (1985) (appellate

review is limited to determining whether substantial evidence supports findings and findings support trial court's conclusions of law).

■ Here, Mr. Widner and Ms. Sutton lived together and had a sexually intimate relationship from April 1989 until August 1994. During that relationship, both contributed to the cost of housing and to the effort to finish and then move into a new home. They generally supported each other in both work and leisure activities. Although both maintained separate identities and accounts, the length of cohabitation, the contribution to the house, and their joint efforts on behalf of their relationship amply support the court's conclusion that this was a meretricious relationship, which under *Lindsey* required a just and equitable distribution of property. *See Connell*, 127 Wn.2d at 346 ("While a 'long term' relationship is not a threshold requirement, duration is a significant factor."); *Hilt*, 41 Wn. App. at 438-39 (upholding trial court's conclusion that meretricious relationship existed based on lengthy cohabitation and joint contributions despite maintenance of separate accounts).

■ ■ <u>Distribution of Property.</u> Ms. Sutton argues that the court erred by awarding her only 36 percent of the accumulations during the relationship, rather than 50 percent. The court's decision here is reviewed for a manifest abuse of discretion. *In re Marriage of Konzen*, 103 Wn.2d 470, 478, 693 P.2d 97 (1985). The court began its calculation of Ms. Sutton's award by dividing 36 percent of the overall accumulated assets. That estimate was based upon Ms. Sutton's share of the combined annual income of the parties.

The division of property following the dissolution of a meretricious relationship must be just and equitable. *Lindsey*, 101 Wn.2d at 304. It need not, however, be equal. *See In re Marriage of Washburn*, 101 Wn.2d 168, 179, 677 P.2d 152 (1984) (court making an equitable property division does not have to use a precise formula or calculate the distribution with mathematical precision); *In re Mar-*

*riage of Martin*, 22 Wn. App. 295, 298, 588 P.2d 1235 (1979) (property division does not require a division of property equally, but justly and equitably).

A meretricious relationship is not the same as a marriage and the laws involving the distribution of marital property do not apply directly. *Connell*, 127 Wn.2d at 348-49. There is a rational basis for the court's decision here. And we will not overturn that discretionary decision. *See In re Marriage of Pilant*, 42 Wn. App. 173, 176, 709 P.2d 1241 (1985) ("Abuse of discretion does not exist unless it can be held that no reasonable person would have ruled as the trial court did on the facts before it.").

Ms. Sutton also challenges the court's deduction of a sum equal to hay and pasturage. The hay and pasturage used by Ms. Sutton was Mr. Widner's property before the relationship. Ms. Sutton contributed minimally to those farming operations. Ms. Sutton's horses benefited from using the hay and pasturage. The horses were Ms. Sutton's separate property. When considering the relationship, the purpose of the relationship and the length of the relationship, the court's deduction is not an abuse of discretion. *See In re Estate of Trierweiler*, 5 Wn. App. 17, 22, 486 P.2d 314 (holding that a right of reimbursement in favor of one spouse arises when the spouse's separate property is used to improve the other spouse's separate property), *review denied*, 79 Wn.2d 1007 (1971).

Ms. Sutton finally argues that the court abused its discretion by reducing her share of the accumulated property by the value of the use of the home after the relationship ended. *In re Marriage of Nuss*, 65 Wn. App. 334, 339, 828 P.2d 627 (1992) supports her position. There, the court concluded that the trial court abused its discretion by charging a spouse rent during the pendency of a dissolution action. The primary basis for the court's decision was the lack of any evidence to support the amount of rent. The court gratuitously added that it doubted a deduction for rent under those circumstances would be proper in any case. *Id.* But that statement was dicta.

This is not a marriage; it is a meretricious relationship. The court is entitled to consider that fact in determining an "equitable division of the property." Here, the court found that Ms. Sutton had sole use and possession of the home after the relationship ended. The court's conclusion that Ms. Sutton should pay for that use is not unreasonable.

The judgment of the trial court is affirmed.

SCHULTHEIS and BROWN, JJ., concur.

Review denied at 133 Wn.2d 1006 (1997).