[No. 73099-7.   En Banc.]
Considered May 29, 2003.   Decided June 5, 2003.

M'LISS MORSE, *Petitioner*, v. KELLE ANTONELLIS, ET AL., *Respondents*.

*Cheryl R.G. Adamson* (of *Rettig, Osborne, Forgette, O'Donnell, Iller & Adamson, L.L.P.*), for petitioner.

*Russell K. Jones*, for respondents.

PER CURIAM — Following trial, a jury found that Kelle Antonellis did not negligently cause an automobile accident. The Court of Appeals reversed, holding that Antonellis was negligent as a matter of law. We disagree.

Antonellis was eastbound on a four lane street, traveling in the inside lane. She planned on turning left onto Perry Street, so she stopped at the intersection. A pickup truck was stopped in the inside lane opposite Antonellis, signaling to also turn left. Antonellis said she did not see any cars in the opposing curb lane, so she slowly initiated her left turn. But M'Liss Morse was traveling westbound on the four lane street. Whether Morse was in the inside or outside lane and whether Antonellis could see beyond the pickup truck were the subjects of conflicting testimony. In any event, as Antonellis turned left and crossed into the curb lane of the opposing traffic, Morse collided with her.

Morse sued Antonellis, alleging she was negligent. But after hearing testimony from both drivers, the jury found that Antonellis acted reasonably. Morse moved for judgment notwithstanding the verdict, but the superior court denied her motion. She appealed. The Court of Appeals

reversed, concluding that Antonellis was negligent as a matter of law because she had a statutory duty to yield to oncoming traffic and a common law duty to see what a reasonable person would see, and that Morse's car was there to be seen.

In analyzing this reasoning, we start with the proposition that the breach of a statutory duty is no longer considered negligence per se, but may be considered as evidence of negligence. RCW 5.40.050. Even so, a court can find negligence as a matter of law if no reasonable person could decide that the defendant exercised due care. *Pudmaroff v. Allen*, 138 Wn.2d 55, 68, 977 P.2d 574 (1999). A party is entitled to such a finding when, viewing the evidence most favorably to the nonmoving party, "there is no substantial evidence or reasonable inference to sustain a verdict for the nonmoving party." *Sing v. John L. Scott, Inc.*, 134 Wn.2d 24, 29, 948 P.2d 816 (1997). A jury is free to believe or disbelieve a witness, since credibility determinations are solely for the trier of fact. Credibility determinations cannot be reviewed on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

There were apparently no nonparty eyewitnesses to the accident. The only two people to testify were the drivers, Antonellis and Morse. Antonellis testified that she came to a complete stop, checked the inside lane, saw no traffic, and started her left turn. Morse testified that when she moved into the curb lane, she was traveling at almost the 35 mph speed limit. She also testified that she came up behind the pickup truck, but in the curb lane. In order to determine whether Antonellis acted reasonably, the jury simply had to decide who to believe. The jury apparently decided to believe Antonellis's version of the events, concluded she acted reasonably, and returned a verdict in her favor.

The Court of Appeals saw the facts differently, stating that the evidence was insufficient to support a conclusion that Morse moved into the curb lane at the last moment. And if she had not moved into the curb lane at the last moment, the court concluded that a reasonable person

could have seen her. The court then reasoned that, because Antonellis had a statutory duty to yield and should have seen Morse, Antonellis was negligent as a matter of law.

But by this reasoning the Court of Appeals substituted its judgment for that of the jury. It was thus for the jury to decide whether Antonellis failed to yield to oncoming traffic. And whether a reasonable person would have seen Morse approaching largely depends on whose version of the accident is most credible. Juries decide credibility, not appellate courts.

The Court of Appeals is reversed and the jury's verdict is reinstated.