# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

ZACHARY HARJO, )
                 Appellant, )
       v. )
GELSEY HANSON, )
             Respondent. )

No. 70562-8-I

ZACHARY HARJO, )
                 Appellant, )
       v. )
GELSEY HANSON, )
             Respondent. )

No. 71260-8-I

UNPUBLISHED

FILED: January 20, 2015

COX, J. – These successive appeals follow a first appeal in which we substantially affirmed the trial court's decisions, remanding the case only on limited issues.[1] We substantially affirm the trial court's decisions following the first remand, but vacate the CR 11 sanctions that the trial court imposed on Zachary Harjo for moving for clarification. We remand this time for the limited purpose of the trial court clarifying an apparent oversight: the compensation to Harjo "for his labor in running the [parties' restaurant] business on his own from June 2009 to [trial in December 2010]."

---

[1] Hanson v. Harjo, noted at 170 Wn. App. 1044, 2012 WL 4335455.

The material facts of this case are set forth in our prior decision. Harjo and Gelsey Hanson were in a committed intimate relationship. At the end of their relationship, the parties proceeded to trial in King County Superior Court to distribute the pseudo community property they acquired during their relationship. The property included a restaurant, a condominium, and a house.

The court awarded the restaurant to Harjo, ordering him to buy out Hanson's 50 percent share. The court also awarded Harjo the condominium, but ordered him to pay Hanson 50 percent of the rent he had collected from the condominium prior to the action. The court then awarded Hanson the house, though it credited Harjo with improvements he had made and part of the equity. The court also found that Hanson was entitled to 50 percent of the restaurant's profits in 2010.

The court made additional findings about the parties' restaurant. The court found that it was appropriate to compensate Harjo for his work managing the restaurant by himself from June 2009 until the time of trial, December 2010. The court found that Harjo had received $30,408 from the restaurant in 2010 and the value of his labor was $75,000. Accordingly, the court calculated that Harjo was entitled to "$75,000 - $30,405 [=] $44,695" [sic].

Although the court calculated that Harjo was entitled to $44,695 for his services, it did not include this amount in its final tally of what each party owed to the other. The court's decree likewise did not account for this figure. The court ultimately ordered Harjo to pay Hanson an equalization payment.

Harjo appealed, arguing that the court had abused its discretion on several bases. One of his arguments was that the court miscalculated the amount of condominium rent that Harjo owed Hanson. He also argued that the court should have offset the equalization payment by the amount the court found he was entitled to as compensation for his labor.

In our prior opinion, we remanded to the superior court on the issue of rent.[2] Because the court's findings on rent were inconsistent, we remanded for the court to clarify its findings or adjust its calculations.[3]

We affirmed the trial court on all other bases.[4] But we noted that Harjo's compensation for his labor remained unresolved. We noted that the trial court "expressly found that Harjo should be compensated for the difference between the value of his services in managing the restaurant between June 2009 to the end of 2010 and the actual compensation he received."[5]

But we rejected Harjo's argument that his equalization payment to Hanson should have been offset by this amount. We stated:

> Harjo fails to acknowledge, however, that in addition to finding that Harjo was entitled to additional compensation for his work in 2009 and 2010, the court also determined that Hanson, who received no compensation or benefits from the business since June 2009, was entitled to share in the profits for 2010. This claim was not liquidated. *It appears therefore that the court's findings about compensation due to Harjo are relevant to the*

---

[2] Id.

[3] Id. at *4.

[4] Id.

[5] Id. at *3.

3

*calculation, yet to be determined, of the distribution amount owed to Hanson for 2010.*[6]

Following remand, the court made two rulings that are now before us. Its judgment resolved the issue of condominium rents on which we had remanded, compelled Harjo to provide an accounting of the restaurant's profits, and sanctioned Harjo for failing to provide the accounting before being compelled to do so. Hanson then moved for a judgment on her share of the 2010 restaurant profits. The court awarded her a 50 percent share in a separate order. It did not address Harjo's claim that this amount should be offset by the amount of compensation that the court had previously found he was entitled to. There is nothing in the record before us that explains this omission.

Harjo separately appealed each ruling. This court assigned separate appeal numbers to each. We now consolidate these successive appeals.

## DISTRIBUTION OF PROPERTY

Harjo challenges three aspects of the trial court's property distribution on remand. He argues that the court abused its discretion when it awarded Hanson more than half of the rental income from a jointly owned condo, that it miscalculated Hanson's share of the 2010 profits from the parties' restaurant, and that it failed to award Harjo compensation that the court had found he was entitled to. These arguments are all unpersuasive.

---

[6] Id.

A committed intimate relationship[7] "is a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist."[8] Once the court finds a committed intimate relationship exits, it distributes all property the parties acquired "through efforts extended during the relationship."[9] Courts divide property from the dissolution of a committed intimate relationship in a "just and equitable" manner.[10] But the court does not need to distribute the property equally.[11]

We review the trial court's property distribution for abuse of discretion.[12] A trial court abuses its discretion when its "decision is 'manifestly unreasonable or based on untenable grounds or untenable reasons.'"[13]

---

[7] Washington courts also refer to committed intimate relationships as "equity relationships." See Walsh v. Reynolds, ___ Wn. App. ___ 335 P.3d 984, 986 (2014). Courts previously referred to committed intimate relationships as "meretricious" relationships, but have abandoned that terminology because of its prejudicial connotations. Olver v. Fowler, 161 Wn.2d 655, 657 n.1, 168 P.3d 348 (2007).

[8] Connell v. Francisco, 127 Wn.2d 339, 346, 898 P.2d 831 (1995).

[9] In re Marriage of Lindemann, 92 Wn. App. 64, 69, 960 P.2d 966 (1998).

[10] In re Marriage of Lindsey, 101 Wn.2d 299, 304, 678 P.2d 328 (1984); In re Relationship of Long and Fregeau, 158 Wn. App. 919, 928-29, 244 P.3d 26 (2010).

[11] In re Meretricious Relationship of Sutton and Widner, 85 Wn. App. 487, 491, 933 P.2d 1069 (1997).

[12] In re Long and Fregeau, 158 Wn. App. at 928.

[13] State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013) (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)).

*Distribution of Condominium Rent*

First, Harjo argues that the court abused its discretion when it chose to award Hanson more than 50 percent of the condominium rent. We disagree.

At trial, the court awarded Hanson 50 percent of the rental income Harjo collected from the condominium prior to the dissolution trial. The court found Harjo had collected $7,204 after the parties separated. But the court later calculated 50 percent of the rent as $6,500. Because of this inconsistency, we remanded for the court either to clarify its findings, or to adjust Harjo's equalization payment to Hanson.

On remand, the court confirmed that it intended to award Hanson $6,500. It acknowledged that $6,500 was more than 50 percent of the rent, but stated that "while not mathematically precise, the higher amount accomplishes the court's goal of providing a fair result to [Hanson], given her greater need and the award of the parties' business[] to [Harjo]."[14]

This award was not an abuse of discretion. As stated earlier, the court does not need to distribute property equally, as long as the distribution is fair and equitable.

Here, the court's division was both fair and equitable. The total amount of property that Hanson received was only $2,898 more than 50 percent of the parties' community property. And the court found that the award of the parties' business to Harjo made this slight imbalance equitable. Because the parties received substantially similar shares of property, and Harjo received the

---

[14] Clerk's Papers (No. 70562-8-I) at 188.

business, the court did not abuse its discretion by awarding Hanson slightly more than 50 percent of the condominium rents.

Harjo argues that the court abused its discretion, because it partially relied on Hanson's "greater need," and its initial findings at trial did not include a finding that Hanson had greater need. But we remanded this case to the court in order for it to clarify its findings or adjust the equalization payment. Accordingly, it is not an abuse of discretion for the court to enter an additional finding to explain why it awarded Hanson $6,500, one of the options we designated.

Harjo also argues that the court abused its discretion because it actually awarded Hanson $13,000. The text of the court's order does say Hanson is "awarded a total of $13,000 for half of the rents collected . . . ."[15] But it appears that this is a clerical error. Hanson's principal judgment was for $52,205. This amount indicates that the court actually awarded Hanson $6,500, despite the language in the order. Thus, this argument is not persuasive.

*Restaurant Profits*

Second, Harjo argues that the court abused its discretion by incorrectly measuring the 2010 profits of the parties' restaurant. We disagree.

At trial, the court awarded Hanson 50 percent of the 2010 profits. The court's initial decree did not liquidate Hanson's share of the profits. In the proceedings following our remand, the court found that the profits were $11,839 and accordingly awarded Hanson $5,919. The court calculated this amount

---

[15] Id.

based on the restaurant's 2010 tax return. The return listed $11,839 as "ordinary business income"—total income minus deductible expenses.

Thus, the record supports the trial court's determination of the 2010 profits. Accordingly, the court's decision is based on tenable grounds, and was not an abuse of discretion.

Harjo argues that the court abused its discretion by failing to account for non-deductible expenses in its calculation of profits. Harjo argues that the restaurant's profits were actually $114. The two main non-deductible expenses Harjo identifies are the result of claiming a tax credit for the partners' income taxes and IRS penalties and fines from 2008 and 2009 filings.

While Harjo is correct that Hanson received a tax credit of $4,833, Harjo himself received the same credit. Additionally, the restaurant's tax liability for 2008 and 2009 was presumably accounted for in the restaurant's valuation and the court's award of the restaurant to Harjo. Harjo does not explain why the court should have deducted these fines and penalties from Hanson's share of the 2010 profits. Accordingly, this argument is unpersuasive.

*Managerial Compensation*

Third, Harjo argues that the court abused its discretion by failing to offset the 2010 profits awarded to Hanson by the amount of compensation the court had previously found Harjo was entitled to. The record appears to support this argument because there is no explanation showing either that this was done or, if not, why not. Accordingly, we remand for appropriate action by the trial court on this limited issue.

8

At trial, the court expressly found that Harjo should be compensated for the difference between the value of his services in managing the restaurant between June 2009 and trial in December 2010 and the actual compensation he received. Specifically, it stated: "It is appropriate to compensate [Harjo] for his labor in running the business on his own from June 2009 to present."[16] The court found that Harjo had received $30,408 from the restaurant in 2010, and that his labor was worth $75,000 a year. Accordingly, the court calculated that Harjo was entitled to "$75,000 - $30,405 [=] $44,695" [sic].

Although the court found that Harjo was entitled to this figure, nowhere in this record regarding calculation of what each party owed to the other does this figure appear. The court's decree likewise did not account for this figure. The court ultimately ordered Harjo to pay Hanson an equalization payment, but this payment does not address the compensation due Harjo.

The court's order awarding Hanson a portion of the profits is silent on the issue of Harjo's compensation. Similarly, the court's orders denying Harjo's motions for reconsideration and clarification do not address this issue.

We requested supplemental briefing on this point. But this briefing fails to satisfactorily address the point. Two unanswered questions remain: whether Harjo was compensated in the amount the court stated and, if not, why not. Thus, a remand to the trial court to clarify this limited issue is required to bring this matter to a close.

---

[16] Clerk's Papers (No. 70562-8-I) at 53.

## TRIAL COURT SANCTIONS

Harjo argues that the trial court abused its discretion when it sanctioned him. We affirm some sanctions and vacate others.

Appellate courts review sanctions for abuse of discretion.[17]

### Sanctions for Failing to Comply With Court Orders

Harjo argues that the court abused its discretion when it sanctioned him for failing to comply with court orders.

As previously stated, the court granted Hanson 50 percent of the restaurant's profits for 2010. Beginning in mid-2009, Harjo was in sole control of the restaurant. Thus, Hanson could determine the restaurant's profits only if Harjo provided an accounting. Harjo failed to provide an accounting until he was compelled to do so by the court.

The court sanctioned Harjo for failing to provide an accounting by awarding Hanson attorney fees for bringing a motion to compel. This was not an abuse of discretion.

Harjo argues that the court had never directly ordered him to provide an accounting to Hanson. While this is true, Harjo knew that the court had awarded Hanson 50 percent of the profits, and he failed to provide a satisfactory accounting when asked to do so. Because of Harjo's failure to cooperate, Hanson had to move to compel an accounting. Thus, it was not an abuse of discretion for the court to sanction Harjo for this failure.

---

[17] Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

## *CR 11 Sanctions*

Harjo next argues that the court abused its discretion by sanctioning him under CR 11 for bringing a motion for clarification. We agree.

CR 11 prohibits two types of filings—baseless filings and filings made for improper purposes.[18] A filing is baseless if it is "'(a) not well grounded in fact, or (b) not warranted by (i) existing law or (ii) a good faith argument for the alteration of existing law.'"[19]

CR 11 provides:

> If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion . . ., may impose upon the person who signed it . . . an appropriate sanction, which may include an order to pay to the other party . . . the amount of the reasonable expenses incurred because of the filing . . ., including a reasonable attorney fee.

Here, the court sanctioned Harjo for making a baseless filing, stating that there was "no arguable merit" to his motion to clarify.

The motion to clarify appears to have been directed to the matter we discussed earlier: compensation due Harjo. As stated earlier, we remand this case in order for the court to clarify its orders based on its previous finding that Harjo was entitled to compensation. Accordingly, we hold that Harjo's motion was not baseless. We vacate the CR 11 sanctions the court imposed only for Harjo's motion for clarification.

---

[18] Stiles v. Kearney, 168 Wn. App. 250, 261, 277 P.3d 9 (2012).

[19] Id. (internal quotation marks omitted) (quoting MacDonald v. Korum Ford, 80 Wn. App. 877, 883-84, 912 P.2d 1052 (1996)).

## ATTORNEY FEES ON APPEAL

Hanson argues that she is entitled to attorney fees on appeal under RAP 18.9. We disagree.

Under RAP 18.9(a), "[a]n appellate court may order a party to pay compensatory damages or terms for filing a frivolous appeal."[20] "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal. [W]e resolve all doubts to whether an appeal is frivolous in favor of the appellant."[21]

Here, Harjo prevailed on his argument about managerial compensation, as we have remanded for the court to clarify its findings. And while Harjo did not prevail on the other substantive issues he raised, resolving the doubts in his favor, his appeal is not frivolous. Accordingly, we deny Hanson's request for attorney fees.

## MOTION TO STRIKE

Harjo moved to strike certain language in a motion filed by Hanson. Because we did not consider this language when deciding the case, we deny Harjo's motion as moot.

---

[20] Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007).

[21] Id.

In sum, we affirm all decisions of the court except for the imposition of CR 11 sanctions for making a frivolous motion, and the judgment that fails to resolve the issue of compensation due Harjo. With respect only to the latter matter, we remand to the trial court for clarification.

_____Cox, J._____

WE CONCUR:

_____                    _____