**FILED**
**MARCH 25, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Custody of: | ) | No. 37118-2-III |
| | ) | |
| G.A.K.K.[†] | ) | |
| | ) | |
| JANINE C. PRITT, | ) | |
| | ) | |
| Appellant, | ) | UNPUBLISHED OPINION |
| | ) | |
| KYLA KOONTZ and | ) | |
| MICHAEL KOONTZ JR., | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, J. — Janine Pritt appeals the trial court's order imposing

sanctions for twice violating its order to make Michael and Kyla Koontz's daughter

available to them for visitation. We affirm and award the Koontzes their reasonable

attorney fees on appeal.

FACTS

Kyla Koontz and Michael Koontz are the biological parents of G.A.K.K, a girl,

born in 2014. In 2016, Janine Pritt, G.A.K.K.'s aunt, filed this petition for nonparental

custody. In July 2018, the trial court found that the Koontzes had neglected G.A.K.K.,

---

[†] To protect the privacy interests of the minor, we use initials to refer to her throughout this opinion. Gen. Order for Court of Appeals, *In Re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018) (effective Sept. 1, 2018), http://www.courts.wa.gov/appellate_trial_courts.

No. 37118-2-III
*In re Custody of G.A.K.K.*

placed G.A.K.K. with Ms. Pritt, and entered an order allowing the Koontzes supervised

visitation.

> The visitation order provided:
>
> [The parents] shall have 2 supervised visitations, per month, for 4 hours each, on the first and third Saturday of each month. Visitation shall occur in Seattle/King County area at a supervised facility. [The parents] shall be responsible for making arraignments [sic]. This visitation schedule shall remain in effect until further Order of the Court.

Clerk's Papers (CP) at 40, 42.

On March 15, 2019, the court heard the Koontzes' motion for an order expanding

and/or clarifying the visitation order. Ms. Pritt opposed the motion. Among other

reasons, she argued the Koontzes' professional supervisor, Brandon Moore, had not been

vetted. The court expressed a willingness to modify the visitation order, but denied the

motion until the Koontzes provided a specific location for visits. The court noted that the

July 2018 visitation order was still in effect.

On April 1, 2019, Mr. Moore called Ms. Pritt's attorney and left a message

identifying himself as the visitation supervisor and provided notice of the time and

2

No. 37118-2-III
*In re Custody of G.A.K.K.*

location of the Koontzes' upcoming Saturday visit.[1]  On April 4, Mr. Koontz

e-mailed Ms. Pritt's attorney: "Could we please get verification that my daughter will be

at our visit this weekend Brandon Moore has contacted you with the location but we have

not got a response from you or your client.  Your response is appreciated."  CP at 202.

On April 5, Ms. Pritt's attorney responded that he did not receive the e-mail the day

before because he was in trial, but to "please follow [the trial judge's] very clear order

regarding visitation."  CP at 201.  Later that day, the Koontzes' attorney responded:

> Neither you nor your client responded to Brandon's attempts to confirm the visitation.  Your cryptic message to Mr. Koontz is unhelpful.  The visitation cannot take place because [neither] Janine nor your office confirmed the visit.
>
> If this visit does NOT take place tomorrow, your client is in contempt of court.

CP at 204.  The April 6 visitation did not take place.

On April 17, 2019, Mr. Moore called and left a message with Ms. Pritt's attorney's

office regarding the location and time of the upcoming visit scheduled for April 20.  That

day, Mr. Koontz also e-mailed both parties' attorneys: "Please confirm our visit this

---

[1] The parties had adopted this process for arranging visits because a protective order had prohibited direct communication between them, and Ms. Pritt had taken the position that not even Mr. Moore could contact her or her husband.  We note that the protective order actually expired on March 22, 2019, one week before Mr. Moore's telephone call.

3

weekend." CP at 205. He attached a screenshot of a message from Mr. Moore describing how he called and left voicemails with "front desk staff" about the Koontzes wanting a four hour visit on Saturday. CP at 206. Later that morning, the Koontzes' attorney e-mailed Ms. Pritt's attorney requesting confirmation for the Saturday visit. The following day, Ms. Pritt's attorney's assistant responded that he would respond as soon as he was able. The Koontzes' attorney answered that she had a declaration drafted in support of an order of contempt for the missed April 6 visitation.

On April 19, 2019, the Koontzes filed a motion for contempt. The Koontzes' attorney again e-mailed Ms. Pritt's attorney: "This is Easter Weekend. Tomorrow is Holy Saturday. My clients want to know whether your client is going to show up for the visit. It is an important holiday for my clients and they want to see [G.A.K.K.]." CP at 210. Mr. Moore also called Ms. Pritt directly and left a detailed message about the next day's visit. The April 20 visitation did not happen. On April 23, 2019, the Koontzes amended their contempt motion to include the missed April 20 visitation.

On July 23, 2019, the trial court heard the contempt motion. Ms. Pritt argued that the parties decided, during the March 2019 motion, that Mr. Moore was not suitable. The court rejected the argument, and noted: "[T]here is no order that indicates that Mr. Moore could not be a supervisor—professional supervisor." Report of Proceedings (RP)

(July 23, 2019) at 46.  Ms. Pritt then argued there was nothing in writing establishing the April 6 visitation.  The Koontzes pointed to Mr. Moore's declaration, where he stated he had called Ms. Pritt's attorney's office and left messages before both scheduled visitations.  Ms. Pritt then argued the Koontzes "didn't come because they knew they didn't set it up." RP (July 23, 2019) at 48.  The court rejected that argument: "[T]hey didn't get confirmation.  So they wouldn't drive all the way to Seattle at a location when they knew the child wouldn't be there." RP (July 23, 2019) at 53.

The trial court found: "I believe Mr. Moore gave the specific information to your office or Ms. Pritt on these particular days and particular times and location.  That's really about credibility." RP (July 23, 2019) at 53.  The court acknowledged there was no "documentation" other than Mr. Moore's declaration, but that was common in family law cases and the order did not require the Koontzes to provide written notice to Ms. Pritt.  Based on this finding, the court found that Ms. Pritt violated the temporary parenting plan by failing to bring G.A.K.K. for two visits on April 6 and April 20, 2019.

At the contempt order presentation hearing, the trial court stated:

> [The] Court will indicate I'm in receipt of the contempt hearing order.  [The] Court did make the finding that Ms. Pritt failed to obey the order on July 19, 2018, on two different occasions, specifically April 6th, 2019, and April 20th, 2019.
> [The] Court will indicate that, based on that, I have found Ms. Pritt in contempt.

No. 37118-2-III
*In re Custody of G.A.K.K.*

RP (Sept. 13, 2019) at 10. The court denied Ms. Pritt's motion for clarification and

reconsideration and ordered Ms. Pritt to pay attorney fees of $1,110 and a $500 civil

penalty for violating RCW 26.09.160(2)(b)(iii).

> The contempt order reads:
>
> **JANINE PRITT** was aware of the court order dated July 19, 2018 and the
> obligations set forth in the court order were clearly stated. Ms. Koontz
> obtained a supervisor to supervise the visits in King County for April 6, and
> April 20, 2019 as ordered. **JANINE PRITT** knew visits were court
> ordered for [the] first and third Saturday of every month. **JANINE PRITT**
> did not make the child available for supervised visits April 6 or April 20,
> 2019. Ms. Koontz was unable to visit with the minor child on April 6 or
> April 20, 2019.
>
> . . . When this person did **not** obey the parenting/custody order, s/he acted in
> bad faith.
>
> . . . .
>
> **JANINE PRITT** the noncomplying parent failed to establish by a
> preponderance of the evidence that she lacked the ability to comply or
> establish a reasonable excuse for noncompliance.
>
> . . . .
> . . . This person **is able** to follow the parenting/custody order now. This
> person is **not willing** to follow the parenting/custody order.
>
> . . . **JANINE PRITT** has the ability to follow the order. However, Janine
> Pritt disagrees with the court's order to provide visitation with the minor
> child unless and until Ms. Koontz confesses that she intentionally medically
> abused the minor child.
>
> . . . .

6

No. 37118-2-III
*In re Custody of G.A.K.K.*

JANINE PRITT **is** in contempt.

CP at 293-94.

Ms. Pritt appealed.

ANALYSIS

CONTEMPT

Ms. Pritt contends the trial court abused its discretion in finding her in contempt because the Koontzes never provided her with the date, time, place, and supervisor for the visitations. We disagree.

"We review a trial court's decision on contempt for an abuse of discretion." *In re Marriage of Davisson*, 131 Wn. App. 220, 224, 126 P.3d 76 (2006). "In reviewing a contempt finding, we look for facts constituting a plain order violation and strictly construe the order." *Id.* A written contempt order must contain a specific finding that the party found in contempt had acted in bad faith or committed intentional misconduct. *In re Marriage of James*, 79 Wn. App. 436, 441, 903 P.2d 470 (1995). Findings of fact must be supported by substantial evidence. *In re Marriage of Rideout*, 150 Wn.2d 337, 352, 77 P.3d 1174 (2003). Evidence is substantial if it could persuade a reasonable person that the fact found is true. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014).

7

Ms. Pritt's argument requires us to disregard the trial court's factual finding. We do not review credibility determinations on appeal. *Morse v. Antonellis*, 149 Wn.2d 572, 574, 70 P.3d 125 (2003). The court found that statements in Mr. Moore's declaration were credible. This is permissible. *See James*, 79 Wn. App. at 442 ("The trial court may weigh the credibility of each party based on sources other than oral testimony."). Mr. Moore's declaration supports the trial court's finding that Ms. Pritt was made aware of the date, time, place, and supervisor for both requested visitations.

Ms. Pritt next contends the trial court abused its discretion in finding her in contempt because the Koontzes did not travel to Seattle for the requested visitations. We disagree. Ms. Pritt's unwillingness to confirm the visitations showed she would not make G.A.K.K. available for the requested visits. The law does not require a person to perform a useless act. *See Willener v. Sweeting*, 107 Wn.2d 388, 395, 730 P.2d 45 (1986) (Where performance by one party is a condition to performance by the other, a party is not required by law to do a useless act and tender performance where the other party will not perform.). The Koontzes had no obligation to make the round trip from Moxee (east of Yakima) to Seattle to establish Ms. Pritt's violations of the visitation order.

8

Finally, Ms. Pritt assigns error to the trial court's unwillingness to continue the

hearing to permit discovery. This assignment of error is waived because Ms. Pritt failed

to present argument or authority in her opening brief on this issue. *Cowiche Canyon*

*Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

ATTORNEY FEES

The Koontzes request an award of reasonable attorney fees. They cite three bases,

including RCW 7.21.030(3), which provides: "The court may . . . order a person found in

contempt of court to pay a party for any losses suffered by the party as a result of the

contempt and any costs incurred in connection with the contempt proceeding, including

reasonable attorney's fees." We grant the Koontzes' request under this basis.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____      _____
Pennell, C.J.                                                    Fearing, J.

9