IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37571-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN R. JACKSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Stephen Jackson appeals his April 2020 convictions and sentences for possession of a controlled substance (Buprenorphine) and two misdemeanor offenses. After the filing of his opening brief, the Washington Supreme Court held in *State v. Blake* that former RCW 69.50.4013 (2017), which criminalized even unintentional and unknowing possession of a controlled substance, violated state and federal due process clauses, and was therefore unconstitutional. 197 Wn.2d 170, 183-86,

481 P.3d 521 (2021). Following that decision, Mr. Jackson was one of a number of inmates in Department of Corrections (DOC) custody to whom Governor Jay Inslee granted an unconditional commutation of his remaining sentence in early April 2021.

Many issues raised in Mr. Jackson's opening brief and a statement of additional grounds (SAG) are rendered moot by *Blake* and the governor's commutation. Addressing those that remain, we reverse Mr. Jackson's conviction for unlawful possession of a controlled substance, affirm his misdemeanor convictions, and remand for entry of a corrected judgment and sentence.

FACTS AND PROCEDURAL BACKGROUND

In August 2019, Stephen Jackson was serving 24 months' supervised probation imposed by the Asotin County District Court for convictions of second degree vehicle prowling and second degree trespass. It was a condition of his probation that Mr. Jackson, who was considered homeless, meet weekly with Nathan Uhlorn, who was assigned to probation and pretrial supervision for the Asotin County Sheriff's Office. He failed to do so however, and on August 12, 2019, Deputy Uhlorn signed a sworn narrative in support of a warrant. On August 13, 2019, a district court commissioner signed a bench warrant for Mr. Jackson based on the probation violation.

Shortly after 8:00 a.m. on the morning of August 15, 2019, Sergeant Darin Boyd of the Clarkston Police Department saw Mr. Jackson near a motel. Sergeant Boyd knew from speaking with Deputy Uhlorn that the deputy had requested a warrant, so he

contacted Deputy Uhlorn and informed him of Mr. Jackson's location. The sergeant then approached and spoke with Mr. Jackson, telling him that Deputy Uhlorn was coming to speak with him and to "stay put." Clerk's Papers (CP) at 53.

Deputy Uhlorn soon arrived, spoke with Mr. Jackson for a few minutes, and then informed Mr. Jackson of the warrant and told him he was placing him under arrest. Before the deputy could place him in handcuffs, Mr. Jackson fled. As Deputy Uhlorn and Sergeant Boyd pursued Mr. Jackson on foot, both saw him throw a glass pipe to the ground, which shattered across the pavement. The officers caught up with Mr. Jackson, tackled him to the ground, and, overcoming resistance, placed him in handcuffs. In searching Mr. Jackson incident to arrest, the officers found a package containing Suboxone strips in his pocket. They also found a handful of keys.

Mr. Jackson was charged with one count of unlawful possession of a controlled substance (Buprenorphine), two counts of possessing stolen property, one count of tampering with physical evidence, and one count of resisting arrest.

Before trial, Mr. Jackson filed a CrR 3.6 motion to suppress the evidence obtained as a result of what he contended was an unlawful arrest. He contended that Deputy Uhlorn was employed by a county probation and pretrial services office administered by the sheriff's office, and argued that such programs can only be administered by courts.

The trial court denied the motion, reasoning that whether or not the program being administered by the sheriff's office conformed to statutory requirements, Mr. Jackson

was a probationer at the time of his arrest, the application for the warrant demonstrated an officer's well-founded suspicion that Mr. Jackson had violated a condition of his probation, the warrant was signed by a neutral magistrate, and the search incident to arrest was lawful.

Mr. Jackson was found guilty at trial of three of the five charges: possession of a controlled substance, tampering with physical evidence, and resisting arrest. At the State's request, the court took into consideration Mr. Jackson's long unscored misdemeanor history and imposed an exceptional sentence of 36 months for the simple possession count. The court also sentenced Mr. Jackson to 12 months of community custody and ordered him to pay supervision fees.

Mr. Jackson appealed. In an opening brief filed in December 2020, he challenged the constitutionality of former RCW 69.50.4013, his exceptional sentence, and the requirement that he pay supervision fees as a condition of community custody. Mr. Jackson filed a pro se statement of additional grounds (SAG) on February 4, 2021.

Before the State filed its response brief, the Washington Supreme Court issued its decision in *Blake*, in which it held that former RCW 69.50.4013 was unconstitutional. 197 Wn.2d at 183-86. On April 7, 2021, Governor Inslee offered clemency to inmates who were in DOC custody solely due to a simple possession conviction. Mr. Jackson received and accepted the offer and was granted an unconditional commutation for any remaining sentence related to the conviction. The governor authorized DOC to

immediately release Mr. Jackson from any remaining sentence and supervision relating to the simple possession conviction.

The State filed its response brief thereafter.

ANALYSIS

"If a statute is unconstitutional, it is and has always been a legal nullity." *State ex rel. Evans v. Brotherhood of Friends*, 41 Wn.2d 133, 143, 247 P.2d 787 (1952). The State concedes that *Blake* is controlling and, because it represents a new substantive rule decided on constitutional grounds, it applies retroactively. Br. of Resp't at 7 (citing *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 236, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754, 209 L. Ed. 2d 514 (2021); *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)). The State joins Mr. Jackson's request that we reverse the conviction and remand for entry of a corrected judgment and sentence.

The State contends that the remaining assignments of error raised by Mr. Jackson's appointed counsel have been rendered moot, since all relate to his sentence for the now-void conviction. It argues that none presents a matter of continuing and substantial interest because established law resolves the issues raised. Mr. Jackson did not file a reply taking issue with the State's assessment. We agree that none of the moot issues warrants review.

In light of *Blake*, Mr. Jackson's drug possession conviction must be reversed and his judgment and sentence must be corrected. We note that his criminal history includes prior convictions for simple possession that should be excluded in light of *Blake.*

STATEMENT OF ADDITIONAL GROUNDS

In a pro se SAG, Mr. Jackson raises nine additional grounds for relief. Few are specific to the simple possession count or its sentence, so in light of his additional misdemeanor convictions, most are not moot.

The Rules of Appellate Procedure permit the defendant in a criminal case on direct appeal to file a SAG, to identify and discuss matters the defendant believes have not been adequately addressed by the brief filed by her or his appellate counsel. RAP 10.10(a). We will consider only arguments that were not addressed by counsel's briefing. RAP 10.10(a). We will not consider a defendant's SAG for review if it does not inform the court of the nature and occurrence of alleged errors. RAP 10.10(c); *State v. Bluehorse*, 159 Wn. App. 410, 436, 248 P.3d 537 (2011).

Issues that turn on facts that are not reflected in the record cannot be resolved in the direct appeal and are properly raised through a personal restraint petition, where they must be supported by admissible evidence. *State v. Calvin*, 176 Wn. App. 1, 26, 316 P.3d 496 (2013). Mr. Jackson's challenge to the truthfulness of trial evidence that he bases on documents he obtained through public record requests (SAG 3) fall into this category. They are not reviewable in this appeal.

Alleged errors that were not raised in the trial court are unpreserved and generally will not be reviewed for the first time on appeal. RAP 2.5(a). We decline to exercise discretion to review such alleged errors in this case. Examples are some of the bases on which Mr. Jackson challenges Asotin County's pretrial release/misdemeanor probation program (SAG 2), his "hearsay" challenge to the officers' testimony that he possessed but destroyed a methamphetamine pipe (SAG 3), and his challenges to Deputy Uhlorn's authority to arrest him (SAG 6 and 7).

It is not the role of this court to weigh evidence or engage in fact finding. *State v. Bennett*, 180 Wn. App. 484, 489, 322 P.3d 815 (2014). This court also cannot review the jury's credibility determinations on appeal. *Morse v. Antonellis*, 149 Wn.2d 572, 575, 70 P.3d 125 (2003). Some of Mr. Jackson's complaints about evidence raised by his SAG 3 ask us to engage in such evidence reweighing, which we will not do. We turn to the few grounds raised by Mr. Jackson that remain.

*Challenge to legality of pretrial release/misdemeanor probation program.* Several of Mr. Jackson's grounds reprise his trial argument that evidence should be suppressed because the sheriff's office is administering Asotin County's probation and pretrial services program in violation of statutes and court rules that contemplate administration only by courts. (SAG 1, 3, 4, 5 and 8). But we agree with the trial court that Mr. Jackson has not demonstrated that any such violations, assuming they occurred, invalidated the bench warrant.

7

In general, accused individuals may not be haled into court on arrest warrants not supported by probable cause. *State v. Erickson*, 168 Wn.2d 41, 46, 225 P.3d 948 (2010). And the Constitution requires that a detached and neutral magistrate or judge make the determination of probable cause. *State v. Maddox*, 152 Wn.2d 499, 505, 98 P.3d 1199 (2004). Any evidence obtained from an illegal search or seizure is subject to the exclusionary rule. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

Once a person has been convicted of a crime, however, that person is subject to the court's authority, which includes the power to supervise an offender conditionally released. *Erickson*, 168 Wn.2d at 50. For a person who has been convicted and is on conditional release, "a bench warrant may be issued for his arrest without probable cause that he has violated the terms of his release." *Id.* Instead, "the court needs only a well-founded suspicion that a violation of the terms of the release has occurred before it may issue an arrest warrant." *Id.*

Evidence seized during an illegal search may be suppressed under the exclusionary rule as "fruit of the poisonous tree." *State v. Ladson*, 138 Wn.2d 343, 359, 979 P.2d 833 (1999). But a search incident to arrest is a well-recognized exception to the warrant requirement. *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969); *State v. Vrieling*, 144 Wn.2d 489, 492, 28 P.3d 762 (2001).

The trial court denied Mr. Jackson's suppression motion that was based on this challenge to the legality of the county's probation and pretrial services program. It entered findings of fact and conclusions of law in support of its ruling. CP at 79-80. We limit our review of findings of fact entered following a suppression motion solely to "those facts to which error has been assigned." *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). Unchallenged findings are verities on appeal. *Id.* at 644. We review de novo whether the trial court derived proper conclusions of law from the findings of fact. *State v. O'Cain*, 108 Wn. App. 542, 548, 31 P.3d 733 (2001).

Mr. Jackson has not assigned error to any of the trial court's findings of fact. Nor could he demonstrate error had he tried. What was relevant to the admissibility of the State's evidence was whether a neutral magistrate issued the bench warrant on the basis of an officer's well-founded suspicion that Mr. Jackson had violated the conditions of his probation. Whether the sheriff's office was following state statutes in providing probation and pretrial services was irrelevant.

This is not to say that there would be no legal recourse to correct an illegally operated program; it is just to say that program noncompliance would not make Mr. Jackson's arrest illegal. *Blomstrom v. Tripp*, 189 Wn.2d 379, 402 P.3d 831 (2017), which Mr. Jackson mentions in his SAG, exemplifies this. In *Blomstrom*, the petitioners challenged pretrial release conditions imposed by Spokane County District Court by seeking a statutory writ of review. They prevailed. But the remedy they obtained was a

9

statutory writ declaring the conditions unconstitutional. The petitioners did not seek or obtain relief from convictions or sentences.

*Prosecutorial misconduct.* Finally, Mr. Jackson contends his right to a fair trial was violated because of prosecutorial misconduct (SAG 9), providing several examples of what he perceives to be improper closing argument by the prosecutor. His challenge to one of the statements—the prosecutor's statement that Mr. Jackson "knew or should have known the Suboxone was in his pocket"—is moot in light of our reversal of the simple possession conviction. SAG at 12.

As for the remaining statements challenged as misconduct, to demonstrate prosecutorial misconduct, Mr. Jackson must demonstrate that the prosecutor's conduct was both improper and prejudicial. *State v. Stenson*, 132 Wn.2d 668, 718, 940 P.2d 1239 (1997). Prejudice is shown by a "substantial likelihood the misconduct affected the jury's verdict." *Id.* at 718-19. If no objection is made in the trial court to a prosecutor's statements, error is waived unless the comment is "so flagrant and ill-intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by a curative instruction to the jury." *State v. Brown*, 132 Wn.2d 529, 564-65, 940 P.2d 546 (1997). "'Reversal is not required if the error could have been obviated by a curative instruction which the defense did not request.'" *Id.* (quoting *State v. Russell*, 125 Wn.2d 24, 85, 882 P.2d 747 (1994)).

10

Here, it appears from the record that Mr. Jackson's trial lawyer did not object. And Mr. Jackson does not present any improper statement made by the prosecutor that has not been rendered moot by reversal of the simple possession conviction. The State has wide latitude to draw reasonable inferences from the evidence and present its inferences to the jury. *Stenson*, 132 Wn.2d at 727. This includes drawing inferences supporting guilt.

We reverse Mr. Jackson's conviction for unlawful possession of a controlled substance, affirm his misdemeanor convictions, and remand for entry of a corrected judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____         _____
Pennell, C.J.                                              Staab, J.

11