**FILED**
**SEPTEMBER 12, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Committed Intimate Relationship of: | ) ) ) | No. 39545-6-III |
| DAVID L. WOLFE, | ) ) | |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| and | ) ) | |
| DONIELLE M. WOLFE, | ) ) | |
| Respondent. | ) | |

COONEY, J. — David Wolfe and Donielle Wolfe were in a committed intimate relationship (CIR). During their CIR, Ms. Wolfe worked without pay for a business owned by Mr. Wolfe. When their relationship ended, Ms. Wolfe refused to return Mr. Wolfe's vehicle, prompting Mr. Wolfe to initiate an action to end the CIR and divide their property and debts. Following trial, the court found Ms. Wolfe's unpaid work for Mr. Wolfe's business benefited the community, awarded Ms. Wolfe $32,620, representing one-half of the uncompensated work, and ordered Ms. Wolfe to return Mr. Wolfe's vehicle.

Mr. Wolfe appeals, arguing the trial court erred when it awarded Ms. Wolfe $32,620 and in finding their CIR began in 1998. We affirm the trial court's award and remand for the court to correct a scrivener's error related to the CIR's commencement year.

BACKGROUND

On February 14, 2022, Mr. Wolfe initiated an action in the Spokane County Superior Court to end his CIR with Ms. Wolfe and to divide their property and debts. This was prompted, in part, by Ms. Wolfe declining to return a vehicle Mr. Wolfe had purchased prior to their relationship. In response to Mr. Wolfe's complaint, Ms. Wolfe declared that she began working for Mr. Wolfe on July 20, 2018, and was never compensated for her work during her duration as a full-time employee

At trial, Mr. Wolfe successfully moved to admit, among other exhibits, a document that designated Ms. Wolfe as his employee effective July 20, 2018, and an e-mail between he and Ms. Wolfe wherein Ms. Wolfe asserted she was owed unpaid wages totaling $65,240. In a financial declaration, Mr. Wolfe stated he had last worked on April 1, 2020. Ms. Wolfe testified that she and Mr. Wolfe worked together, that she "was running the entire company during COVID and during the pandemic," and that she had never been compensated for any of this work. Rep. of Proc. (RP) (Nov. 1, 2022) at 84, 112.

2

Following trial, the court issued a letter decision. In it, the court found the parties' CIR began in July 2018 and ended on April 11, 2021. Later, the court entered written findings of fact that included a finding that the CIR began in 1998. The trial court determined that during the CIR, Mr. Wolfe allowed Ms. Wolfe to use his vehicle, but the vehicle was Mr. Wolfe's separate property, obtained prior to the CIR. Therefore, Ms. Wolfe was ordered to return the vehicle.

During a majority of the time the parties were in a CIR, Ms. Wolfe worked full time for Mr. Wolfe's business without being compensated. Ms. Wolfe estimated the value of her work, calculated at minimum wage, totaled $65,240. The trial court recognized Ms. Wolfe's unpaid wages as a benefit to the community and equitably divided it, awarding Ms. Wolfe $32,620.

Mr. Wolfe timely appeals.

## ANALYSIS

### MONETARY AWARD

Mr. Wolfe contends the court erred when it awarded Ms. Wolfe $32,620 for the unpaid work she performed for Mr. Wolfe's business.

A trial court's property distribution following a CIR is reviewed for abuse of discretion. *Koher v. Morgan*, 93 Wn. App. 398, 401, 968 P.2d 920 (1998) (citing *In re Meretricious Relationship of Sutton*, 85 Wn. App. 487, 491, 933 P.2d 1069 (1997)). Discretion is abused when:

> [T]he trial court's decision (1) adopts a view that no reasonable person would take and is thus "manifestly unreasonable," (2) rests on facts unsupported in the record and is thus based on "untenable grounds," or (3) was reached by applying the wrong legal standard and is thus made for "untenable reasons."

*State v. Sisouvanh*, 175 Wn.2d 607, 623, 290 P.3d 942 (2012) (internal quotation marks omitted) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

While we review conclusions of law de novo, findings of fact merely need to be supported by substantial evidence. *E.g.*, *Nordstrom Credit, Inc.*, *v. Dep't of Revenue*, 120 Wn.2d 935, 940, 845 P.2d 1331 (1993). Substantial evidence is "a sufficient quantity of evidence . . . to persuade a fair-minded, rational person of the truth of the finding." *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). Disputed evidence will be upheld "when any reasonable view substantiates [the court's] findings, even though there may be other reasonable interpretations." *Ebling v. Gove's Cove, Inc.*, 34 Wn. App. 495, 501, 663 P.2d 132 (1983). Unchallenged findings of fact become verities on appeal. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). Credibility determinations are for the finder of fact and cannot be reviewed on appeal. *Morse v. Antonellis*, 149 Wn.2d 572, 574, 70 P.3d 125 (2003).

Income and property acquired during a CIR is treated as community property as if the parties were married. *Connell v. Francisco*, 127 Wn.2d 339, 351, 898 P.2d 813 (1995). Property distribution is limited to only property that would have been characterized as community property had the parties been married. *Id.* at 350. The court

should consider all such community property for distribution "so that one party is not unjustly enriched." *Id.* at 349-50.

Following trial, the court found that: (1) Ms. Wolfe worked for Mr. Wolfe's business from August 28, 2018, to February 28, 2021, (2) Ms. Wolfe was not paid for work performed during that period, (3) she would have earned $65,240 in wages, and (4) the parties had a community interest in the unpaid wages. Accordingly, the court awarded Ms. Wolfe one-half of her unpaid wages.

Mr. Wolfe contends substantial evidence does not support the trial court's finding that Ms. Wolfe accrued $65,240 in unpaid wages because the only evidence referencing $65,240 was exhibit P-8, an e-mail between the parties that should have been excluded under ER 408 as an offer to compromise.

At trial, Mr. Wolfe successfully moved to admit exhibit P-8 into evidence. The doctrine of invited error "prohibits a party from setting up an error at trial and then complaining of it on appeal." *State v. Mercado*, 181 Wn. App. 624, 630, 326 P.3d 154 (2014). Because Mr. Wolfe successfully offered exhibit P-8 into evidence at trial, he is precluded on appeal from challenging its admissibility.

Mr. Wolfe next contends that the e-mail did not articulate how Ms. Wolfe calculated her unpaid wages and provided conflicting dates for when Ms. Wolfe's work for the company began and ended. Further, Mr. Wolfe claims he last worked on April 1, 2020, meaning Ms. Wolfe could not have been employed beyond that date.

We are unpersuaded by Mr. Wolfe's argument. In making its findings of fact, the trial court considered exhibits and testimony beyond the e-mail. In support of its finding that Ms. Wolfe worked for Mr. Wolfe's business without being paid, the trial court considered, among other evidence: exhibit P-5, a candidate notification that designated Ms. Wolfe as an employee on July 20, 2018; Ms. Wolfe's declaration that stated she worked Monday through Friday from 8:00 a.m. to 5:00 p.m. for two-and-one-half years; Ms. Wolfe's minimum wage calculation that showed her unpaid earnings totaled $65,240; Ms. Wolfe's testimony that she and Mr. Wolfe worked together and that she was running the company during the COVID-19 pandemic; and a text message from Mr. Wolfe that inferred Ms. Wolfe had been running the company in Mr. Wolfe's absence.

Based on this evidence, a fair-minded, rational person could be persuaded of the truth of the trial court's findings that Ms. Wolfe worked for Mr. Wolfe's business between July 20, 2018, and February 28, 2021; that Ms. Wolfe was never compensated for her work; that her unpaid wages, calculated at minimum wage totaled $65,240; and that the community benefited from Ms. Wolfe's uncompensated work. Moreover, a reasonable view of the disputed evidence substantiates the trial court's findings, especially in light of our required deference to the trial court's credibility determinations.

Substantial evidence supports the trial court's findings of fact. The trial court did not err when it awarded Ms. Wolfe $32,620.

SCRIVENER'S ERROR

Mr. Wolfe claims the trial court erred when it found the parties entered into a CIR in 1998. We attribute the inconsistency between the trial court's finding of fact and letter decision to a scrivener's error.

A scrivener's error is a "clerical mistake that, when amended, would correctly convey the trial court's intention based on other evidence." *State v. Wemhoff*, 24 Wn. App. 2d 198, 202, 519 P.3d 297 (2022). Substantial evidence favors the trial court's finding in its letter decision that the CIR began in July 2018 rather than 1998. We remand for the trial court to correct the scrivener's error.

CONCLUSION

We affirm the trial court's award to Ms. Wolfe of $32,620 and remand for the court to correct the scrivener's error related to the year the parties entered into a CIR.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____          _____
Pennell, J.                                              Staab, A.C.J.

7